MARY M. CHRISTY AND WILLIAM H. CHRISTY, APPELLANTS, vs. HARRIET H. BURCH, IN HER OWN RIGHT, AND HARRIET H. BURCH AND JOHN H. BURTON, AS ADMINISTRATORS OF THE ESTATE OF JOSHUA L. BURCH, DECEASED, APPELLEES.

1. On rehearing points decided at the former hearing will not be reopened unless the subject matter of the mistake, omission or other cause for which the rehearing was granted, enters into and materially affects such points.

2. In this case the fact about which the court was mistaken, not found on rehearing to have effect to vary its former conclusion upon the evidence, the affirmance of the decree is renewed.

Appeal from the Circuit Court for Duval county.

The facts of the case are stated in the opinion of the court.

*A. W. Cockrell & Son* for Appellants.

*Fleming & Daniel* for Appellees.

### OPINION ON REHEARING.

MAXWELL, J.: A question in this case was whether a lost deed of the Christys to Houstoun conveyed certain lands for which the former have sued appellees in ejectment, the object of the present suit being to enjoin said action of ejectment. In the original opinion, after commenting on the testimony which pointed to the conclusion that said lands were included in the deed, there occurs this language : "In addition to this testimony, it would seem improbable that the Christys would have acquiesced so long in the occupation of the land by Burch without making an effort to recover the same if his occupation was wrongful, and equally improbable that Houstoun in selling land which at the time of the sale he had not received a deed for, from his vendors, should after obtaining a deed from them execute a deed to his vendees, with a warranty of title of more land than his deed from them showed he owned. The evidence shows he was a man of large estate, and it is difficult to believe that he would have involved himself in such a manner."

A rehearing was granted, because in the petition therefor attention was called to the fact that the court was mistaken as to the character of the warranty here spoken of. Instead of being a full warranty of title, it was only a warranty against any claim by Houstoun or his heirs ; and we are now to reconsider the case so far as it is affected by this mistake. We put aside other points argued in the petition, because in the practice of this court argumentative petitions are discontinued, and points decided will not be reopened on a rehearing unless there is basis for this in mistake or omission of the court, or other like cause, for which the rehearing was granted, that is, unless the subject mat-

ter of the mistake, omission or other cause enters into and materially affects such points.

In this case we do not see that the character of the warranty in Houstoun's deed can have any effect whatever apart from its connection with the mere reasoning of the court towards a conclusion that the deed included the lands in controversy. There was no question in the case which involved the warranty; and the reference to it was only by way of argument on probabilities to strengthen the view of the court as to the proof made by the testimony on the particular point under consideration. The only matter, then, for us to determine now is, whether the conclusion of the court, when stripped of the support given it by a mistaken use of the warranty, shall still stand. We think it should, as the testimony itself, in regard to the lands included in the lost deed, seems to us to favor and justify that conclusion. We need not state or review the evidence further than is done in the original opinion, and so far as the unsupported answers are responsive, and in conflict with this, we think the evidence outweighs them.

The decree is again affirmed.