[No. 3683-1.    Division One.    March 15, 1976.]

THE STATE OF WASHINGTON, *Respondent*, v. CLIFFORD
MORGAN CAMPBELL, *Appellant*.

*Rochelle Kleinberg* of *Seattle-King County Public De-*
*fender, Peterson, Bracelin, Young & Putra*, and *William R.*
*Creech*, for appellant (appointed counsel for appeal).

*Christopher T. Bayley, Prosecuting Attorney*, and *Jona-*
*than B. Noll* and *Mary Kay Barbieri, Deputies*, for respon-
dent.

CALLOW, J.—The defendant Clifford Campbell appeals from a conviction of violation of the Uniform Controlled Substances Act. The appeal challenges the warrantless search of the defendant's apartment and the subsequent seizure of seven marijuana plants. We hold that in view of the exigent circumstances confronting the police, the search and seizure were reasonable and affirm.

On October 13, 1974, the defendant's apartment was burglarized. A neighbor saw the burglary in process, observed a fleeing suspect, and summoned the police. Upon arrival, a police officer talked with the eyewitness, was advised of the burglary, and discovered both a broken apartment window and wide-open apartment door. The officer entered the apartment to investigate the recent crime, to look for possible participants in the burglary, to search for evidence of the burglary, and to aid any victims. During the search, the officer opened a closet door in the kitchen of the apartment and found seven marijuana plants growing under artificial light.

The plants were seized and the defendant was charged with a violation of the Uniform Controlled Substances Act. A pretrial motion to suppress the marijuana plants on the grounds that the search and seizure were illegal was denied. The plants were admitted into evidence during the trial and the defendant was found guilty.

The question presented is whether the warrantless search of the defendant's apartment and the seizure of the marijuana plants violated the constitutional and statutory prohibitions against unreasonable searches and seizures contained in the fourth amendment to the United States Constitution, article 1, section 7 of our state constitution, and RCW 10.79.040.

The standard by which the propriety of any search and seizure is to be judged is whether the search was reasonable under the facts, circumstances, and exigencies of the particular case. Only unreasonable searches are forbidden. *State v. Henneke*, 78 Wn.2d 147, 470 P.2d 176 (1970). A warrantless search is initially deemed to be un-

reasonable, subject to certain specific exceptions. *Katz v. United States*, 389 U.S. 347, 19 L. Ed. 2d 576, 88 S. Ct. 507 (1967); *State v. Brown*, 9 Wn. App. 937, 515 P.2d 1008 (1973). Each of the established exceptions to the requirement that a warrant be secured before search is undertaken is predicated upon a showing that the exigencies of the particular situation made a warrantless search imperative. *Coolidge v. New Hampshire*, 403 U.S. 443, 29 L. Ed. 2d 564, 91 S. Ct. 2022 (1971); *McDonald v. United States*, 335 U.S. 451, 93 L. Ed. 153, 69 S. Ct. 191 (1948); *State v. Smith*, 9 Wn. App. 309, 511 P.2d 1390 (1973).

■ A recognized exception to the requirement for a warrant provides that emergency or exigent situations may justify a warrantless entry into a home. Police officers may enter a dwelling, without a warrant, to render emergency aid to one reasonably believed to be in need of assistance. *State v. Sanders*, 8 Wn. App. 306, 506 P.2d 892 (1973). *See also United States v. Goldenstein*, 456 F.2d 1006 (8th Cir. 1972), *cert. denied*, 416 U.S. 943 (1974); *United States v. Nash*, 394 F. Supp. 1257 (E.D. Wis. 1975); *People v. Johnson*, 32 Ill. App. 3d 36, 335 N.E.2d 144 (1975). It is reasonable for officers, responding to a request for police assistance and with probable cause to believe that an open, unsecured dwelling has been recently burglarized, to immediately enter the dwelling without a warrant for the limited purposes of investigating the crime, rendering aid to any possible victims of the felony, protecting the occupant's property, and searching for remaining suspects. *Cf. United States v. Langley*, 466 F.2d 27 (6th Cir. 1972); *State v. Proctor*, 12 Wn. App. 274, 529 P.2d 472 (1974). The circumstances of this case support the conclusion that the officer's warrantless but limited intrusion into the wide-open apartment to investigate the burglary was justified by the situation confronting him and was reasonable.

■ The search being reasonable, was the seizure of the marijuana plants discovered during the search proper? Under the plain view doctrine, contraband may be seized without a warrant if the police had justification for en-

tering the dwelling and they came upon evidence of the commission of a crime. *Coolidge v. New Hampshire, supra; State v. Murray*, 84 Wn.2d 527, 527 P.2d 1303 (1974), *cert. denied*, 421 U.S. 1004 (1975). Here the exigent circumstances justified the police entry into the apartment for the purpose of investigating the burglary, apprehending perpetrators, protecting property, aiding victims, and discovering evidence. The opening of the closet door was within the permissible scope of the warrantless search justified by the emergency circumstances, and the officer was properly in the performance of his duty when the contraband marijuana plants appeared in plain view. Since the officer recognized that the plants were contraband and could be destroyed or removed, their immediate seizure was proper. *State v. Campbell*, 13 Wn. App. 722, 537 P.2d 1067 (1975). The warrantless seizure of the marijuana plants, like the initial warrantless search, was justified and reasonable.

The defendant lastly contends that the search was executed improperly for the officer admittedly failed to knock and announce his identity and purpose prior to entering the apartment. He argues that the unannounced entry violated the fourth amendment to the United States Constitution, article 1, section 7 of our state constitution, and RCW 10.31.040.

An essential element of a lawful search of a dwelling is that, prior to entry, the police knock, announce their identity and purpose, and request admittance. RCW 10.31.040; *State v. Young*, 76 Wn.2d 212, 455 P.2d 595 (1969). The "knock and announce" requirements stem from constitutional standards of reasonableness and are, therefore, subject to exceptions. Exigent and necessitous circumstances may justify noncompliance with the "knock and announce" requirement. *Ker v. California*, 374 U.S. 23, 10 L. Ed. 2d 726, 83 S. Ct. 1623 (1963); *State v. Young, supra.*

It is recognized that strict compliance with the requirement will be excused when to knock and announce would be to perform a useless act, endanger the police or innocent persons within the dwelling, permit escape, or allow the

destruction of evidence. A failure to knock and announce will not be forgiven absent justification from exigent and necessitous circumstances when an unannounced entry has involved a search or arrest directed against the occupant of premises forcibly entered. *See, e.g., State v. Beason*, 13 Wn. App. 183, 534 P.2d 44 (1975); *State v. Harris*, 12 Wn. App. 481, 530 P.2d 646 (1975); *State v. Johnson*, 11 Wn. App. 311, 522 P.2d 1179 (1974); *State v. Neff*, 10 Wn. App. 713, 519 P.2d 1328 (1974); *State v. Singleton*, 9 Wn. App. 399, 512 P.2d 1119 (1973); *Coleman v. Reilly*, 8 Wn. App. 684, 508 P.2d 1035 (1973).

■ The challenged search followed the summoning of police to investigate a recent burglary and was executed not against the occupant of the apartment, but to protect his person and property. The facts of this case reflect exigent and necessitous circumstances which made the unannounced intrusion reasonable. As stated in *State v. Young*, *supra* at 215, the requirements

> cannot be rigid and inflexible or they become an empty formality. The conditions are part of a criteria of reasonableness and subject to certain exceptions generally recognized.

In the present case, the police were summoned to the apartment to investigate a recent burglary. The officer listened to an eyewitness' account of the crime as soon as he arrived on the scene, and he discovered an unsecured, apparently unoccupied apartment with a wide-open door and broken window. To then knock, announce his identity and purpose, demand admittance, and wait for a refusal of admittance before entering to investigate the crime would have served no useful purpose and only lessened the chances for an effective investigation of the burglary. It was reasonable to believe that the lessee of the apartment was not present. Knocking before entrance, therefore, would have been only an empty act. An announcement prior to entry could have increased the danger to the officer, for any suspect remaining within would have been alerted to the presence of the police. Futhermore, alerting

a perpetrator hiding within the apartment to the presence of the police would only have aided a possible escape and frustrated a potential arrest. The situation confronting the officer constituted such exigent and necessitous circumstances as excuse strict compliance with the "knock and announce" requirement and indicate an unannounced entry.

Judgment affirmed.

FARRIS and ANDERSEN, JJ., concur.