392 So.2d 272 (1980)
Vincent Anthony BUSCH, Appellant,
v.
STATE of Florida, Appellee.
No. GG-445.
District Court of Appeal of Florida, First District.
November 17, 1980.
Rehearing Denied February 3, 1981.
*273 Michael J. Minerva, Public Defender, for appellant.
Jim Smith, Atty. Gen., and Raymond L. Marky, Asst. Atty. Gen., for appellee.
McCORD, Judge.
The United States Supreme Court has vacated our judgment in this case [355 So.2d 488 (Fla. 1st DCA 1978)] and remanded the cause for further consideration, 446 U.S. 902, 100 S.Ct. 1826, 64 L.Ed.2d 255. On remand, we are to consider whether the holding in Payton v. New York, 445 U.S. 573, 100 S.Ct. 1371, 63 L.Ed.2d 639 (1980), requires that the confession of Busch following his warrantless arrest in his home be suppressed. In our previous opinion in this case, on the authority of Perez v. State, 277 So.2d 778 (Fla. 1973), we found that the trial court was correct in denying Busch's motion to suppress his confession. Since that opinion was handed down, the U.S. Supreme Court has ruled, in Payton, that the Fourth Amendment prohibits police officers from making a warrantless, nonconsensual entry into a suspect's home in order to make a routine arrest in the absence of exigent circumstances. The initial question here is whether the officers' entry into Busch's home was, in fact, nonconsensual. The evidence shows that Busch was implicated by another suspect in a robbery case. Without obtaining an arrest warrant, two detectives went to Busch's home, were admitted by another occupant, found Busch asleep, and with their guns drawn awoke and arrested him. He was taken to jail, given the Miranda warnings, and within approximately three hours, he had given the officers a confession. The trial court found that the confession was freely and voluntarily given and, therefore, denied Busch's motion to suppress it. Busch was subsequently convicted of armed robbery.
The key factor is that the officers were admitted to the home by another person. The record contains conflict and is unclear as to whether the admittance was consensual. Therefore, we remand to the trial court for further hearing on the question of whether or not the admittance of the officers was consensual. If the admittance was consensual, appellant's conviction will stand because the holding in Payton would not apply, the arrest would be deemed legal and the subsequent confession would be admissible, the court having already found that it was freely and voluntarily given.
However, if the trial court finds on remand that the admittance of the officers was nonconsensual, then, under Payton, the arrest was illegal and a more complicated question arises. If the arrest was illegal, then any statements made by Busch which were the fruits of the illegal arrest should be excluded from evidence. Wong Sun v. United States, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963). Thus, the question to be considered will be whether the confession Busch seeks to have suppressed is, in fact, the fruit of the illegal arrest. The court in Wong Sun declared that verbal evidence which derives immediately from an unlawful entry and an unauthorized arrest is the fruit of the illegal action on the part of police officers and must be suppressed. However, the Wong Sun court also recognized that when the connection between the illegal arrest and the statement given had "become so attenuated as to dissipate the taint," the statement is not considered to be the fruit of the illegal arrest, and, therefore, the statement is admissible. Nardone v. United States, 308 U.S. 338, 60 S.Ct. 266, 84 L.Ed. 307 (1939). The court found that Wong Sun's confession was not the fruit of his illegal arrest since, after the arrest, he was released on his own recognizance and returned voluntarily several days later to make the statement.
Therefore, if Payton applies, in keeping with Wong Sun v. United States, we must look to the circumstances surrounding Busch's confession to determine whether the confession was "sufficiently an act of free will to purge the primary taint of the unlawful invasion." Id. at 371 U.S. 486, 83 S.Ct. at 416. To do so, we must inquire as to what factors will purge the primary taint.
*274 In Brown v. Illinois, 422 U.S. 590, 95 S.Ct. 2254, 45 L.Ed.2d 416 (1975), the court drew a distinction between satisfaction of Fourth and Fifth Amendment requirements. The court found that while the giving of the Miranda warnings might satisfy Fifth Amendment requirements, the giving of those warnings does not in and of itself break the causal chain between an illegal arrest and a confession. The Brown decision declared that the question of whether a confession is voluntary for Fourth Amendment purposes under Wong Sun should be answered on the facts of each case. The court stated:
No single fact is dispositive ... The Miranda warnings are an important factor, to be sure, in determining whether the confession is obtained by exploitation of an illegal arrest. But they are not the only factor to be considered. The temporal proximity of the arrest and the confession, the presence of intervening circumstances, (citation omitted) and, particularly, the purpose and flagrancy of the official misconduct are all relevant ... And the burden of showing admissibility rests, of course, on the prosecution.
In Brown, the court found that in the less than two hours that elapsed between the arrest and the confession, there was no intervening event of significance which would purge the taint of the illegal arrest. The court found further that the arrest had a quality of purposefulness in that it was an "expedition for evidence" admittedly undertaken "in the hope that something might turn up." Because of those factual circumstances in the Brown case, the court declined to remand the case for further factual findings, concluding that the state had failed to sustain the burden of showing that the evidence in question was admissible under Wong Sun. Compare also Dunaway v. New York, 442 U.S. 200, 99 S.Ct. 2248, 60 L.Ed.2d 824 (1979), which involved a situation similar to the Brown case and which reached the same result. In both Brown and Dunaway, the arrests were illegal because they were made without probable cause.
The instant case is governed by the principles set forth in Wong Sun, Brown, and Dunaway. However, unlike the Brown and Dunaway cases, we do not find that the officers here engaged in purposeful misconduct in order to effectuate the arrest of Busch. There is no dispute that the officers had probable cause to arrest Busch, and they effected the arrest in a manner that had not been declared illegal at that time. The circumstances surrounding Busch's confession are not so clearly set forth in the record that we can make a determination as to whether or not the confession was given so freely and voluntarily as to purge the primary taint of the unlawful arrest. Therefore, contingent upon the trial court's finding on the entry question, further proceedings should be had below to determine whether or not the facts surrounding the confession satisfy the Wong Sun requirements.
We have considered the state's contention that Payton should not be given retrospective application and find it to be without merit. The United States Supreme Court would not have vacated the judgment in this case and remanded it to this Court for further consideration in light of Payton if there had been no intention on the part of the Supreme Court that Payton be applied to this case, which was not final and was pending in the Supreme Court at the time its opinion in Payton was rendered. Compare Linkletter v. Walker, 381 U.S. 618, 85 S.Ct. 1731, 14 L.Ed.2d 601 (1965), which states at page 627, 85 S.Ct. at page 1736:
Under our cases it appears (1) that a change in law will be given effect while a case is on direct review, (citation omitted)...
Remanded for further proceedings consistent with this opinion.
LARRY G. SMITH and SHIVERS, JJ., concur.