403 So.2d 430 (1981)
James M. WILLIAMS, Appellant,
v.
The STATE of Florida, Appellee.
No. 79-932.
District Court of Appeal of Florida, Third District.
March 31, 1981.
Rehearing Denied September 21, 1981.
Bennett H. Brummer, Public Defender and Peter Raben, Asst. Public Defender and William Liston, Legal Intern, for appellant.
Jim Smith, Atty. Gen. and Steven R. Jacob, Asst. Atty. Gen., for appellee.
Before HENDRY, DANIEL S. PEARSON and FERGUSON, JJ.
FERGUSON, Judge.
James Melvin Williams appeals from a conviction of second degree murder claiming as error denial of his pre-trial motion to suppress certain evidence found in his apartment by police officers acting without a warrant or consent. The controlling question on review is whether exigent circumstances exist which justify a warrantless entry into a home.
The facts are uncontested. On September 9, 1978, Milton Noble was shot in the back and fell unconscious in the street. Police officers Odell Jolly and Bobby Meeks *431 arrived at the scene approximately ten minutes after the shooting. The officers were told by bystanders that Williams had shot Noble and were given the address of the apartment building where Williams lived. The officers reached Williams' residence about ten to fifteen minutes after first arriving at the scene of the shooting. A person sitting on the porch of the apartment building told the officers that he had seen Williams enter the building a few minutes ago. Another person inside the building and down the hall from Williams' apartment told the officers he had seen Williams enter a short while ago but did not see him exit. The officers knocked on the door to Williams' apartment and shouted, "Police, open up." The officers had their guns drawn because they believed Williams to be armed. After repeating the knocks and statement about three times and receiving no answer, the officers broke through the door. The officers did not find Williams but did see the barrel of a gun in plain view.
It is well-settled that warrantless searches by police officers are per se "unreasonable" under the Fourth and Fourteenth Amendments to the United States Constitution and Article I, Section 12 of the Florida Constitution, subject to certain specifically established and well-delineated exceptions. United States v. United States District Court, 407 U.S. 297, 92 S.Ct. 2125, 32 L.Ed.2d 752 (1972); Katz v. United States, 389 U.S. 347, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967); Hornblower v. State, 351 So.2d 716 (Fla. 1977). A showing of exigent circumstances is implicitly required before such an exception will be applied. Pomerantz v. State, 372 So.2d 104 (Fla.3d DCA 1979).
In Payton v. New York, 445 U.S. 573, 100 S.Ct. 1371, 63 L.Ed.2d 639 (1980), the United States Supreme Court held that a warrantless nonconsensual entry into a house for the purpose of making a routine felony arrest is a violation of the Fourth Amendment of the United States Constitution absent exigent circumstances justifying such entry. In so holding the Court specifically stated that it would use the principles for determining the validity of a search without a warrant in determining the validity of an arrest without a warrant.
Florida has long recognized the particular sanctity of the home and enacted Section 901.19(1), Florida Statutes (1939), the knock and announce law, to protect this interest. Florida courts require that Section 901.19(1) be strictly adhered to. Earman v. State, 265 So.2d 695 (Fla. 1972); Hurt v. State, 388 So.2d 281 (Fla. 1st DCA 1980); Moreno v. State, 277 So.2d 81 (Fla.3d DCA 1973). Only under certain limited exceptions may an officer enter a residence to effect an arrest without complying with Section 901.19(1). Raffield v. State, 351 So.2d 945 (Fla. 1977); Benefield v. State, 160 So.2d 706 (Fla. 1964).[1]
Because the officers failed to announce their purpose, they did not comply with Section 901.19(1). Moreno, supra. Increase of an officer's peril had he demanded entry and stated his purpose, however, is a recognized exception to Section 901.19(1). See note 1, supra. Under Payton, supra, and Pomerantz, supra, this exception is valid under the United States Constitution and Florida Constitution, only if it also meets the test of exigent circumstances.
Other jurisdictions have determined that under certain circumstances peril to an officer, coupled with likelihood of the suspect's escape are exigent circumstances permitting entry without a warrant.[2]
*432 In Warden, Maryland Penitentiary v. Hayden, 387 U.S. 294, 298, 87 S.Ct. 1642, 1645, 18 L.Ed.2d 782, 787 (1967), the United States Supreme Court stated:
We agree with the Court of Appeals that neither the entry without warrant to search for the robber, nor the search for him without warrant was invalid. Under the circumstances of this case, the exigencies of the situation made that course imperative. "The police were informed that an armed robbery had taken place and that the suspect had entered 2111 Cocoa Lane less than five minutes before they reached it. They acted reasonably when they entered the house and began to search for a man of the description they had been given, and for weapons which he had used in the robbery or might use against them. The Fourth Amendment does not require police officers to delay in the course of an investigation if to do so would gravely endanger their lives or the lives of others. Speed here was essential, and only a thorough search of the house for persons and weapons could have insured that Hayden was the only man present and that police had control of all weapons which could be used against them or to effect an escape."
In United States v. Stubblefield, 621 F.2d 980, 982 (9th Cir.1980) involving armed bankrobbery, the court stated that "the combination of hot pursuit and possibility that the unapprehended participant in the robbery remained within the house supplied sufficient exigent circumstances to justify police officers entering the house... ."
In Weddle v. State, 621 P.2d 231 (Wy. 1980) a rape victim escaped from a trailer and ran for help. A neighbor found her and immediately called the police. After interviewing the victim, the officer entered the trailer without a warrant. The court stated: "Generally, if there is a reasonable possibility of injury or death if the entry is not made, or if there is a likelihood that the suspect will escape if the entry is not made, `exigent circumstances' exist." Id. at 240.
In State v. Ferguson, 119 Ariz. 55, 579 P.2d 559 (1978) the court found exigent circumstances where the person sought to be arrested was believed to be armed and dangerous, his whereabouts had been just established, he had been previously on the move, and his apprehension appeared difficult and dangerous.
In State v. Campbell, 15 Wash. App. 98, 547 P.2d 295 (1976), the court found exigent circumstances excusing compliance with a knock and announce statute where police listened to an eyewitness account as soon as they arrived on the scene and discovered an apparently unoccupied apartment with a wide open door. The court stated, "An announcement prior to entry could have increased the danger to the officer... [and] alerting a perpetrator hiding within the apartment to the presence of the police would only have aided a possible escape."[3]Id. 15 Wash. App. 98, 547 P.2d at 298-99.
Although there is no Florida case directly on point, Florida courts recognize that peril to an officer and likelihood of escape may justify a warrantless entry into a home.[4] In State v. Moyer, 394 So.2d 433 (Fla.2d DCA 1980), the court held that exigent circumstances exist where officers have reasonable fear of destruction of evidence and *433 are informed that the suspect will leave in fifteen minutes. The critical factor in Moyer, supra, is the length of time which elapsed from the time probable cause vested until the warrantless search. Id. at 435, citing Hornblower v. State, 351 So.2d 716, 717 (Fla. 1977) (forty-five minutes too long)[5] and Wilson v. State, 363 So.2d 1146 (Fla.2d DCA 1978) (six hours too long).
Where, as here, police officers arrive at a suspect's apartment within twenty to thirty minutes after a shooting and within fifteen minutes after obtaining probable cause to believe suspect did the shooting and are informed that the suspect is within the room, reasonably believe they are in peril because the suspect is armed and dangerous and, in addition, there is a strong likelihood that the suspect will escape if they do not take immediate action, we find exigent circumstances exist. Because we find the officers' entry was not illegal under the United States and Florida Constitutions, we hold the trial court correctly denied Williams' pretrial motion to suppress.
As a second issue on appeal Williams challenges admitting into evidence a prior consistent statement of the state's eyewitness. We find the statement admissible under Section 90.801(2)(b), Florida Statutes (1978) and Van Gallon v. State, 50 So.2d 882 (Fla. 1951).
Williams also challenges the sentence of fifteen years probation upon condition that he serve eight years in the state penitentiary. We reverse on the authority of Villery v. Florida Parole and Probation Commission, 396 So.2d 1107 (Fla. 1980), holding that incarceration which exceeds one year is unlawful as a condition of probation. See also Gonzalez v. State, 392 So.2d 334 (Fla.3d DCA 1981); Rodriguez v. State, 390 So.2d 143 (Fla.3d DCA 1980).
Affirmed in part, reversed in part and remanded for sentencing.

ON MOTION FOR REHEARING
PER CURIAM.
Counsel for appellant having filed in this cause motion for rehearing, and same having been considered by the court which determined the cause, it is ordered that said motion be and it is hereby denied.
DANIEL S. PEARSON, Judge, specially concurring.
The State has moved this court for a rehearing. Its petition does not challenge the outcome of the case, but rather asserts that our opinion unnecessarily declares, or at least might be read to mean, that Payton v. New York, 445 U.S. 573, 100 S.Ct. 1371, 63 L.Ed.2d 639 (1980), is retroactive.
Because a complaint about dicta in an opinion is not a basis for rehearing, Christy v. Burch, 25 Fla. 978, 6 So. 857 (1890), I concur in the decision to deny rehearing.
Our discussion of Payton is quite clearly dicta, since our decision is bottomed on the fact that the arrest of the defendant in his home was not a routine felony arrest, upon which Payton turns, but rather one justified by exigent circumstances. However, I agree with the State's concern that dicta has a way of becoming law. I suppose this would be of less concern to the State if it agreed with the dicta that Payton is retroactive, but it does not. While I share the State's doubt about Payton's retroactivity,[1] I am presently more concerned that our opinion cites to Busch v. State, 392 So.2d 272 (Fla. 1st DCA 1980), cert. denied, ___ *434 U.S. ___, 101 S.Ct. 3040, 69 L.Ed.2d 412 (1981),[2] as authority.
We say in footnote 2, with seeming approval, that Florida courts have held that Payton is to be given retroactive effect. There can be no doubt that Busch holds Payton retroactive, but the rationale of that holding in Busch v. State, supra, is, in my view, wrong. In Busch, the district court concluded that the United States Supreme Court intended Payton to be applied retroactively simply because the Supreme Court vacated and remanded Payton's case for further consideration. I do not share the Busch view that when the United States Supreme Court remands a case for further consideration in light of a newly announced rule pertaining to the lawfulness of arrests or seizures under the Fourth Amendment, that means that the newly announced decision is to be applied retroactively.
In United States v. Bowen, 462 F.2d 347 (9th Cir.1972), the court affirmed Bowen's conviction, and Bowen petitioned the United States Supreme Court for certiorari. While his petition was pending, the United States Supreme Court decided Almeida-Sanchez v. United States, 413 U.S. 266, 93 S.Ct. 2535, 37 L.Ed.2d 596 (1973), invalidating a search conducted by a border patrol agent some twenty-five miles from the border. Thereafter, it vacated the judgment in Bowen and remanded the case to the Ninth Circuit "for further consideration in light of Almeida-Sanchez." On remand, the Ninth Circuit affirmed Bowen's conviction, holding that Almeida-Sanchez should not be retroactively applied to searches which occurred before that decision. United States v. Bowen, 500 F.2d 960 (9th Cir.1974). Bowen again petitioned the United States Supreme Court for a grant of certiorari, but that Court affirmed the Ninth Circuit. Bowen v. United States, 422 U.S. 916, 95 S.Ct. 2569, 45 L.Ed.2d 641 (1975). This action must mean that the United States Supreme Court does not view its own remand for further consideration in light of a newly announced decision as deciding the retroactivity of that decision.[3]
In United States v. Miller, 492 F.2d 37 (5th Cir.1974), the Fifth Circuit addressed another Supreme Court "remand for further consideration in light of Almeida-Sanchez." Miller contended that the Supreme Court's remand meant that its decision in Almeida-Sanchez was to be given retrospective application. The Fifth Circuit disagreed:
"We take it that, had this been the court's desire, certiorari could have been granted and this case summarily reversed on the authority of Almeida-Sanchez, rather than being remanded for further consideration." 492 F.2d at 40.
See also Chapman v. United States, 547 F.2d 1240 (5th Cir.1977) (in which the court viewed the Supreme Court's remand to a court of appeals "for reconsideration in light of Doyle v. Ohio, 426 U.S. 610, 96 S.Ct. 2240, 49 L.Ed.2d 91 (1976)," as including the possibility that the remand was precisely for the purpose of allowing the court of appeals to consider the retroactivity question); People v. Graham, 76 App.Div.2d 228, 431 N.Y.S.2d 209 (1980).
It appears, then, that summary orders of the United States Supreme Court which remand for reconsideration in light of new exclusionary rule decisions are not to be taken as an expression of the Supreme Court's view on retroactivity. State v. Carpentieri, 82 N.J. 546, 414 A.2d 966 (1980). *435 The issue of whether Payton is or is not retroactive must be decided under the appropriate analysis, see, e.g., United States v. Peltier, 422 U.S. 531, 95 S.Ct. 2313, 45 L.Ed.2d 374 (1975); Kaiser v. New York, 394 U.S. 280, 89 S.Ct. 1044, 22 L.Ed.2d 274 (1969); Desist v. United States, 394 U.S. 244, 89 S.Ct. 1030, 22 L.Ed.2d 248 (1969); Fuller v. Alaska, 393 U.S. 80, 89 S.Ct. 61, 21 L.Ed.2d 212 (1968), not the one made in Busch.
NOTES
[1] The exceptions listed in Benefield, supra, are: (1) where the person within already knows of the officer's authority and purpose; (2) where the officers are justified in the belief that the persons within are in imminent peril of bodily harm; (3) if the officer's peril would have been increased had he demanded entrance and stated the purpose, or (4) where those within are made aware of the presence of someone outside are then engaged in activities which justify the officers in the belief that an escape or destruction of evidence is being attempted. Id. 160 So.2d at 710.
[2] The case cited by the State, People v. Graham, 69 A.D.2d 544, 419 N.Y.S.2d 290 (1979), affirmed, 76 A.D.2d 228, 431 N.Y.S.2d 209 (1980) is not helpful. The court in Graham did not determine whether exigent circumstance existed and on appeal determined that Payton, supra, should not be given retroactive application. Florida courts have held that Payton will be given retroactive application. Brown v. State, 392 So.2d 280 (Fla. 1st DCA 1980) (no exigent circumstances in arrest pursuant to drug bust); Busch v. State, 392 So.2d 272 (Fla. 1st DCA 1980) (no exigent circumstances where robbery suspect implicated by another). See also Engle v. State, 391 So.2d 245 (Fla. 5th DCA 1980) (no exigent circumstances where maid informs police of weapons in guest's room).
[3] See, e.g., State v. Coyle, 95 Wash.2d 1, 621 P.2d 1256 (Wash. 1980) requiring more than "mere possibility of escape" absent peril to officers.
[4] The following cases make no explicit finding of exigent circumstances but upheld warrantless entry; State v. Perez, 277 So.2d 778 (Fla. 1973), cert. denied, 414 U.S. 1064, 94 S.Ct. 570, 38 L.Ed.2d 468 (1973); State v. Bell, 249 So.2d 748 (Fla.4th DCA 1971) (peril to officer who believed felony was being committed in business district at 3:00 a.m.).
[5] We are troubled by the dicta of the Florida Supreme Court in Hornblower, supra, 351 So.2d at 718:

The "emergency exception" permits police to enter and investigate private premises to preserve life, property, or render first aid, provided they do not enter with an accompanying intent either to arrest or search... . Again, the need to act expeditiously is essential.
We understand the critical factor in Hornblower, supra, however, to be the need to act expeditiously in making an arrest or search. Accord, Moyer, supra.
[1] See People v. Graham, 76 App.Div.2d 228, 431 N.Y.S.2d 209 (1980) (holding, under a traditional analysis, that Payton is not retroactive). While I share the doubt, this case, as I have said, presents no occasion to decide the issue.
[2] Our opinion also cites to Brown v. State, 392 So.2d 280 (Fla. 1st DCA 1980), which relies on Busch and requires no separate discussion.
[3] As noted previously, the United States Supreme Court denied the State's petition for certiorari in Busch v. State, supra. A denial of certiorari neither approves nor disapproves the decision sought to be reviewed. Hughes Tool Company v. Trans World Airlines, Inc., 409 U.S. 363, 93 S.Ct. 647, 34 L.Ed.2d 577 (1973). I fully recognize that a state court is free to make Payton retroactive and extend to its citizens greater rights than may be required by the United States Supreme Court. See Norman v. State, 388 So.2d 613 (Fla.3d DCA 1980). All I have said is that the United States Supreme Court has not decided the retroactivity vel non of Payton, and inasmuch as the First District's decision in Busch says the Supreme Court has, Busch is wrong.