ON REHEARING
BERANEK, Judge.
The State appeals an order suppressing physical evidence and statements secured as a result of the arrest of the two defendants in their home without warrant. The trial court relied upon the recent United States Supreme Court decision in Payton v. New York, 445 U.S. 573, 100 S.Ct. 1371, 63 L.Ed.2d 639 (1980), holding unconstitutional warrantless arrests in a person’s residence absent exigent circumstances. The State appeals asserting the trial court erred in applying the Payton decision and further asserting that consent was given by the defendants. We conclude that the trial court properly applied Payton and affirm.
Based upon probable cause, but without a warrant, a Palm Beach County detective went to the defendants’ trailer for the purpose of arresting them for robbery. Although there was time to secure a warrant, the detective acted on probable cause alone. We are not at all critical of the conduct of the police in this case, because the Florida Supreme Court had specifically held that Section 901.15, Florida Statutes (1979), validly authorized a warrantless arrest of a person at his home based upon probable cause alone. State v. Perez, 277 So.2d 778 (Fla.1973); cert. denied, 414 U.S. 1064, 94 S.Ct. 570, 38 L.Ed.2d 468 (1973). The action of the police in making the arrest upon *1232 probable cause without a warrant was thus specifically authorized by Florida law. The validity of this view of the law was the subject of the United States Supreme Court’s decision in Payton v. New York, supra. The Court discussed the Florida Perez case and the New York court’s ruling. These were noted as the only two states which had specifically upheld warrantless arrests in private residences based upon probable cause without a warrant in the absence of exigent circumstances. Under Payton, the New York and Florida views were rejected and it was held that police may not carry out a routine felony arrest in a private residence absent exigent circumstances unless a warrant is secured.
Although the arrest of the instant defendants occurred prior to the Payton decision, the prosecution occurred afterward as did the hearing on defendants’ motion to suppress. The court concluded that Payton required suppression of the evidence seized by virtue of the arrest and we agree. Whether or not we prefer the approach of Perez, the law of the land has now been established by the United States Supreme Court. Police authorities of this State now know that absent exigent circumstances a routine arrest may not take place in a private residence without a warrant. Certainly, the decision has merit in its ease of application. In these days of increasingly complex legal rulings, this one is clear and hopefully simple.
The issue of retroactive application of Payton was presented in Busch v. State, 392 So.2d 272 (Fla. 1st DCA 1980). There, the First District Court of Appeal applied the decision retroactively based upon specific wording in the Supreme Court’s remand. Busch, in fact, was pending in the United States Supreme Court at the time Payton was decided and the United States Supreme Court remanded Busch to the Florida court for reconsideration in light of Payton. We consider the Busch opinion indicative of a retroactive intent by the Supreme Court. Further, this case is not purely retroactive application but is, instead, an application of the United States Supreme Court decisional law in existence at the time of the initial presentation of the question on the trial level.
The trial court also found Section 901.15, Florida Statutes (1979), was unconstitutional as construed in Perez in that it allowed for the arrest of defendants in their home without a warrant and absent exigent circumstances. To the extent that this ruling of unconstitutionality goes to the application of the statute, we agree and affirm. To the extent that the ruling declared the statute unconstitutional in its entirety as written we disagree and modify the order by limiting it to the improper application of the statute as authorizing routine felony arrests in a person’s home without a warrant.
The State also asserts that the defendants consented to the seizure of the items in question and that the trial court erred in ruling to the contrary. We conclude this argument is without merit. The order of suppression below is thus affirmed.
AFFIRMED AS MODIFIED.
DOWNEY and GLICKSTEIN, JJ., concur.