ON REHEARING
BOWEN, Presiding Judge.
Manee Junior Terry was indicted and convicted for the possession of marijuana in violation of Alabama Code 1975, § 20-2-70. Sentence was five years’ imprisonment. Two issues are raised on appeal.
I
For the purpose of protecting the property of the owner or occupant, law enforcement officers may enter a residence without a warrant where they reasonably believe that the premises are being or have recently been burglarized. W. LaFave, 2 Search And Seizure § 6.6(b) (1978).
In denying the defendant’s motion to suppress the marijuana seized from his residence, the trial court found:
“I’m going to deny your motion to suppress, finding that the officers were lawfully on the premises, having responded to a call a burglary was in progress. Upon arriving at the scene, my recollection is that they found a window and a door opened. They entered the residence, investigated that accusation or report of a crime, and while there made an inadvertent observation of contraband in plain view.”
On the morning of June 21, 1982, a neighbor reported to the Bessemer Police that a burglary was in progress at 486 Carriage Hills Drive. Motor Scout Officers Nunnelly and Cruce responded and noticed that a basement window and the front door were open. Two police officers entered and “checked all the rooms” looking “any place anybody could have been hidden.” In plain view in a bedroom the officers found *1360 “small envelopes all over the floor and the beds.” They looked in a large trunk “which the lock had been pried off and the lid was open” and observed several clear bags which contained marijuana.
In responding to the burglary call, Officer Cruce observed two suspects “about a half block” away from the house. Upon arriving at the house, he radioed for another officer to stop the suspects.
Sergeant Howell received Officer Cruce’s request for assistance and stopped the automobile the two suspects were in. The suspects voluntarily returned to the house and consented to a search of the trunk of the car. In the car trunk was a quantity of marijuana and $2,829.19.
There is nothing in the record to suggest that the officers entered the premises for any purpose other than to provide for its security and to ascertain that no burglar was still inside. There is nothing in the record to support the defendant’s allegation that the police knew there were only two suspects involved in the burglary when they arrived on the scene. Under these circumstances, the officers’ search was reasonable.
“A prudent officer was warranted in believing that a felony had been attempted or committed and in concluding that prompt entry into the home was necessary to protect the property and determine whether the suspect was hiding in the house. State v. Schrag (1975), 21 Or.App. 655, 536 P.2d 461; Henry v. United States (1959), 361 U.S. 98, 80 S.Ct. 168, 4 L.Ed.2d 134; Draper v. United States (1959), 358 U.S. 307, 79 S.Ct. 329, 3 L.Ed.2d 327.
“As the officers’ entry and search for the suspect was lawful, the incidental discovery of the contraband during the course of the search was likewise lawful under the ‘plain view’ doctrine. Coolidge v. New Hampshire (1971), 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564. It is well settled that an object in plain view of an officer who lawfully is in a position to have that view is subject to seizure. Harris v. United States (1968), 390 U.S. 234, 88 S.Ct. 992, 19 L.Ed.2d 1067. Montana has applied this principle and stated the rule in this language:
“ ‘The rule is: Where there is prior justification for the police to search an area, and in searching the area, they inadvertently find incriminating evidence which they had no reason to anticipate, they may lawfully seize that incriminating evidence.’ State v. Gallagher (1973), 162 Mont. 155, 167, 509 P.2d 852, 858.
“Here the officers were not searching for drugs but for a suspected burglar. They had no reason to suspect the presence of contraband in the house. Their search was limited to places where the suspect might be hiding. The permissible scope of the search is as broad as is reasonably necessary to prevent the escape of the suspect from the house. Warden v. Hayden (1967), 387 U.S. 294, 87 S.Ct. 1642, 18 L.Ed.2d 782.” State ex rel. Zander v. District Court, 180 Mont. 548, 591 P.2d 656, 659 (1979).
See also United States v. Estese, 479 F.2d 1273 (6th Cir.1973).
Even where the police observe a fleeing suspect, their entry may be justified.
“It is reasonable for officers, responding to a request for police assistance and with probable cause to believe that an open, unsecured dwelling has been recently burglarized, to immediately enter the dwelling without a warrant for the limited purposes of investigating the crime, rendering aid to any possible victims of the felony, protecting the occupant’s property, and searching for remaining suspects. Cf. United States v. Langley, 466 F.2d 27 (6th Cir.1972); State v. Proctor, 12 Wash.App. 274, 529 P.2d 472 (1974).” State v. Campbell, 15 Wash.App. 98, 547 P.2d 295 (1976).
“It would defy reason to suppose that ... [the police] had to leave the area and secure a warrant before investigating, leaving the putative burglars free to complete their crime unmolested. It is only ‘unreasonable’ searches and seizures that the fourth amendment forbids.” United *1361 States v. Singer, 687 F.2d 1135, 1144 (8th Cir.1982), reversed on other grounds on rehearing, 710 F.2d 431 (8th Cir.1983).
The officers’ warrantless entry into the residence is justified by reasoning similar to that expressed by the Supreme Court of the United States in defining the public safety exception to the requirements of Miranda. New York v. Quarles, 467 U.S. -, 104 S.Ct. 2626, 81 L.Ed.2d 550 (1984). See also Mincey v. Arizona, 437 U.S. 385, 392-393, 98 S.Ct. 2408, 2413, 57 L.Ed.2d 290 (1978) (“We do not question the right of the police to respond to emergency situations .... [W]hen the police come upon the scene of a homicide they may make a prompt warrantless search of the area to see if there are other victims or if a killer is still on the premises.... And the police may seize any evidence that is in plain view during the course of their legitimate emergency activities.”).
II
The defendant contends that the evidence is insufficient to support his conviction because the State failed to prove ownership of the residence and possession of the marijuana.
Sergeant Goodwin testified that while they were searching the house “the guy drove up that said he owned the house” and identified “the guy” as the defendant. The defendant accompanied the officers inside the house to determine if anything had been taken. Goodwin also stated that the defendant declined to prosecute the two burglars “for burglarizing his home.”
Marijuana was found in a trunk in one of the bedrooms of the house and in the trunk of the burglars’ ear. The lock had been pried off the trunk. One of the suspects was seen carrying a large black-colored garbage bag and the other with a large paper sack.
The defendant’s motion for a judgment of acquittal was denied by the trial court which found “that the issue of the knowledge of the accused with regard to the presence of controlled substance is a question for the jury.”
However weak the State’s case may have been, we do not believe it was insufficient. The inference was reasonable that the defendant resided in and owned the house. There was nothing to indicate that someone else lived there. The jury could also infer that the suspects were carrying marijuana away from the house and placing it in their car. “Knowledge of the presence of the prohibited substance may be established by circumstantial evidence, and guilt does not depend upon ownership.” Collier v. State, 413 So.2d 396, 402 (Ala.Cr.App.1981), affirmed, Ex parte Collier, 413 So.2d 403 (Ala.1982).
In reaching our conclusion that the question of the defendant’s knowledge and possession of marijuana, as presented by the State’s evidence, was properly presented to the jury, we have been guided by the following principles:
“In determining the sufficiency of the evidence to sustain the conviction, this Court must accept as true the evidence introduced by the State and accord the State all legitimate inferences therefrom. The evidence must be considered in the light most favorable to the prosecution.” (citations omitted). Johnson v. State, 378 So.2d 1164, 1169 (Ala.Cr.App.), cert. quashed, Ex parte Johnson, 378 So.2d 1173 (Ala.1979).
“In reviewing a conviction based on circumstantial evidence, this court must view that evidence in the light most favorable to the prosecution. The test to be applied is whether the jury might reasonably find that the evidence excluded every reasonable hypothesis except that of guilt; not whether such evidence excludes every reasonable hypothesis but guilt, but whether a jury might reasonably so conclude.” Cumbo v. State, 368 So.2d 871, 874 (Ala.Cr.App.1978), cert. denied, Ex parte Cumbo, 368 So.2d 877 (Ala.1979).
The defendant testified in his own behalf and denied any knowledge of the marijuana and testified to the effect that the two burglars must have left the marijuana in *1362 exchange for the $3500 which they took from his trunk. The defendant admitted that the trunk was his and that no one else had access to it. He claimed that his brother owned the house but that he and his wife lived there because his brother had been working for about a year in another state. The defendant testified that his mother and two brothers had access to the house. He also stated that, on the morning of the burglary, his neighbor telephoned him at work and said, “Manee, somebody is breaking in your house.”
Under these circumstances, the question of the defendant’s knowledge of the presence of the marijuana was properly submitted to the jury. Cumbo, supra. The facts of this case are factually distinguishable from those of Temple v. State, 366 So.2d 740 (Ala.Cr.App.1978).
The opinion issued on original submission is withdrawn. The judgment of the circuit court is affirmed and the application for rehearing is overruled.
ORIGINAL OPINION WITHDRAWN; OPINION SUBSTITUTED; JUDGMENT AFFIRMED; RULE 39(k) MOTION DENIED; APPLICATION FOR REHEARING OVERRULED.
All Judges concur.