466 So.2d 335 (1985)
Henry J. ALVARADO, Appellant,
v.
STATE of Florida, Appellee.
No. 84-1089.
District Court of Appeal of Florida, Second District.
February 27, 1985.
Rehearing Denied April 3, 1985.
*336 James Marion Moorman, Public Defender, Bartow, and Deborah K. Brueckheimer, Asst. Public Defender, Clearwater, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Robert J. Landry, Asst. Atty. Gen., Tampa, for appellee.
FRANK, Judge.
The appellant, Henry J. Alvarado, was convicted of burglary/assault and sexual battery with physical force likely to cause serious personal injury. He raises five points on appeal, only two of which require discussion.
Alvarado attacks the trial court's denial of his motion to suppress. The victim in this case, an 82-year old woman who lived in a neighboring apartment, identified Alvarado as her attacker when she spoke *337 with the police at the hospital at approximately 11:30 in the evening. This was some hours after the incident, which occurred at about 1:00 that afternoon. In response to the victim's identification, the police went to Alvarado's apartment. They covered the possible exits to prevent escape, and knocked on the doors and windows for about ten minutes. Hearing no answer, they entered the apartment through an open window, awoke the appellant, took him outside where he was placed under arrest, and asked for his consent to search the apartment. Alvarado replied, "I don't care. Go ahead." The arrest and subsequent search occurred at about 3:00 in the morning.
Alvarado moved to suppress the evidence procured during the warrantless search and the statements he uttered following his warrantless arrest. The state has urged exigent circumstances to justify the arrest and search  specifically, that one of the officers overheard the victim say that the appellant told her he was planning to leave town; that appellant had used a knife to cut through the screen door of the victim's apartment and therefore he was armed and dangerous; and that appellant could easily destroy evidence by washing blood stains from his clothing.
Florida's courts have found exigent circumstances to exist in cases where an officer is in peril, escape is likely, or the officer reasonably fears that evidence might be destroyed. Generally, however, exigent circumstances arise only when there is a very short time between the incident giving rise to probable cause and the warrantless entry into the defendant's premises. See Graham v. State, 406 So.2d 503 (Fla. 3d DCA 1981); Williams v. State, 403 So.2d 430 (Fla. 3d DCA 1981); State v. Moyer, 394 So.2d 433 (Fla. 2d DCA 1980). In this case, sufficient time elapsed between the officers' conversation with the victim and the arrest of Alvarado for the police to have made at least a minimal attempt to obtain a warrant. The officers did not know when the appellant was supposed to leave town; they had four men covering three exits to the apartment; and the appellant could easily have eradicated bloodstain evidence between the time of the afternoon assault and the arrest early the next morning. The conditions were, indeed, less than exigent. Furthermore, law enforcement officers cannot be permitted to convert self-imposed delay into a circumstance of exigency when the elapsed time is sufficient to seek a warrant. Hornblower v. State, 351 So.2d 716 (Fla. 1977); State v. Moyer, 394 So.2d 433 (Fla. 2d DCA 1980); Wilson v. State, 363 So.2d 1146 (Fla. 2d DCA 1978).
Notwithstanding the illegality of the initial entry into the appellant's apartment, however, the subsequent events rendered the fruits of the search and the appellant's statements to the police admissible. There is no dispute that the officers asked the appellant for permission to search and that consent was granted: "I don't care. Go ahead." When informed that anything found in the apartment could be used against him, the appellant remained mute but, according to one of the policeman, "acted as if he understood." Although consent to search is not valid after an illegal arrest unless the defendant truly and voluntarily waives his rights, Bailey v. State, 319 So.2d 22 (Fla. 1975), a critical factor in this case is the appellant's failure to contest the voluntariness of his consent at the suppression hearing. The appellant's consent, therefore, attenuates the taint of the invalid arrest to the vanishing point and the seized evidence is admissible.
After his arrest, the appellant was taken to the police station where he was advised of his rights. He signed a waiver, which the testimony disclosed to have been freely and voluntarily given. The free and voluntary quality of the waiver was not challenged in the trial court. Therefore, the appellant's statements to the police are admissible.
*338 The only other point on appeal with which we must deal is the trial court's application of the retention of jurisdiction statute, Section 947.16(3), Florida Statutes. The trial court erroneously applied this statute by retaining jurisdiction over both of the ninety-nine year sentences, which were to run concurrently. However, because the appellant was sentenced under the guidelines, no parole is available and retention of jurisdiction is meaningless. Carter v. State, 464 So.2d 172 (Fla. 2d DCA 1985). The judgment of conviction should be modified to delete the retention of jurisdiction.
Accordingly, we strike the trial court's retention of jurisdiction but affirm the judgment and sentences in all other respects.
SCHEB, A.C.J., and LEHAN, J., concur.

ON MOTION FOR REHEARING
FRANK, Judge.
In our decision in this matter we struck the trial court's erroneous retention of jurisdiction over the appellant's guidelines sentence. The appellant now seeks to bootstrap our acknowledgment of the guidelines sentence into a claim that because the record does not disclose the appellant's affirmative selection, the guidelines sentence is improper. The question of affirmative selection was not presented to us on direct appeal and cannot be appropriately raised in a motion for rehearing. Polyglycoat Corp. v. Hirsch Distributors, Inc., 442 So.2d 958 (Fla. 4th DCA 1983), reh'g. denied, 442 So.2d 960 (Fla. 4th DCA 1984), petition for review dismissed, 451 So.2d 848 (Fla. 1984).
The appellant's other contentions are without merit.
Accordingly, the motion for rehearing is denied.
SCHEB, A.C.J., and LEHAN, J., concur.