ON MOTION FOR REHEARING
PER CURIAM.
In its motion for rehearing, the state alleges that our opinion of July 8, 1988, misstates certain facts relevant to the disposition of this appeal. Our review of the record, however, only serves to affirm the correctness of the facts stated in our opinion.
Furthermore, for the first time on appeal, the state advances the concept of inevitable discovery exemplified in Nix v. Williams, 467 U.S. 431, 104 S.Ct. 2501, 81 L.Ed.2d 377 (1984). As the state did not argue this doctrine in its brief, it cannot raise it on rehearing. Alvarado v. State, 466 So.2d 335 (Fla. 2d DCA 1985).
Finally, we reiterate something we have said on numerous occasions. Motions for rehearing should be filed only after careful, objective analysis and should not be used merely to reargue the merits of the court’s decision or express displeasure with its judgment. See Parker v. Baker, 499 So.2d 843, 847 (Fla. 2d DCA 1986); Whipple v. State, 431 So.2d 1011, 1013 (Fla. 2d DCA 1983).
SCHEB, A.C.J., and FRANK and HALL, JJ., concur.