**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Minot Wayne ESTESE, Defendant-
Appellant.**

**No. 72–2067.**

United States Court of Appeals,
Sixth Circuit.

Argued April 6, 1973.

Decided and Filed June 19, 1973.

Terry M. Tranter (Court Appointed), Cincinnati, Ohio, for defendant-appellant.

Byron E. Trapp, Asst. U. S. Atty., for plaintiff-appellee; William W. Milligan, U. S. Atty., Anthony W. Nyktas, Asst. U. S. Atty., Cincinnati, Ohio, on brief.

Before WEICK and EDWARDS, Circuit Judges, and PRATT,* District Judge.

PER CURIAM.

Appellant appeals from his conviction before the United States District Court for the Southern District of Ohio on the charge of possession of an illegal firearm (a sawed-off shotgun), in violation of 26 U.S.C. § 5861(b) (1970). He was tried to the court without a jury and sentenced to a term of one year on probation.

Appellant's appeal is directed solely at the denial by the District Judge of appellant's motion to suppress evidence, *i. e.*, the sawed-off shotgun. This motion was heard and decided before the trial itself.

Relevant facts include these: Local police responded to a radio call reporting a breaking and entering at appellant's apartment. They found the door open and observed evidence that it had been pried open. Appellant was not at home at the time. After police reinforcements arrived, the officers entered the apartment and searched for the burglar. They found a cereal bowl full of marijuana in plain view on the table, and on looking under a water bed, where

* Honorable Philip Pratt, United States District Judge for the Eastern District of    Michigan, Southern Division, sitting by designation.

a burglar could have been hiding, they found a broken-down sawed-off shotgun emplaced in the holes of the concrete block supports employed for the bed.

The police then left the shotgun in place and left one of their members guarding the building while others sought an arrest warrant for appellant. They also summoned federal officers to the scene to look at the weapon.

When appellant returned to his apartment, he was arrested and the sawed-off shotgun was removed. After Miranda warnings, appellant admitted ownership of the gun.

On these facts appellant contends that the warrantless seizure of the gun required the District Judge to suppress evidence, including the gun and the statements of an inculpatory nature made by appellant.

The District Judge's rationale in denying the motion to suppress is set forth in the record on said motion as follows:

As far as the facts go, they aren't in dispute. It is clear that the Silverton Police were called to this apartment and believed and had reason to believe that a burglary was in progress. It just has not been disputed, and that the report came in and that in response to a call the first officer got there, saw pry marks on the door, saw the door ajar and believed, properly, that the burglary suspect might still be in there. So, he called for assistance.

When he called for assistance, the Chief and another patrolman responded. They searched the apartment as they were required to under the circumstances to see if the burglar was anywhere under the bed, behind the curtains, in closets. And that was a good idea for the additional reason that it was something they should do, too, in the interests of their own safety. In other words, there were exigent circumstances, to use the wording of the cases.

What they saw in plain view they had a right to seize.

Clearly in this case the basic invasion of appellant's privacy had been accomplished by the burglar. Subsequently facts indicated that he had made off with appellant's TV before the officers arrived. On their arrival the officers had no way of knowing this, but there was probable cause for the officers on the scene to believe that a burglary had been or was being committed and to search the apartment for the burglar.

We likewise believe that the discovery of the sawed-off shotgun under the water bed in the course of the search referred to immediately above should be regarded as invoking the plain view doctrine of Harris v. United States, 390 U. S. 234, 88 S.Ct. 992, 19 L.Ed.2d 1067 (1968), and Ker v. California, 374 U.S. 23, 83 S.Ct. 1623, 10 L.Ed.2d 726 (1963). In the *Harris* case the Supreme Court said:

It has long been settled that objects falling in the plain view of an officer who has a right to be in the position to have that view are subject to seizure and may be introduced in evidence. Ker v. California, 374 U.S. 23, 42–43 [83 S.Ct. 1623, 1634] 10 L.Ed.2d 726 (1963); United States v. Lee, 274 U. S. 559 [47 S.Ct. 746] 71 L.Ed. 1202 (1927); Hester v. United States, 265 U.S. 57 [44 S.Ct. 445] 68 L.Ed. 898 (1924). Harris v. United States, *supra* 390 U.S. at 236, 88 S.Ct. at 993.

Since the officers never left the scene or gave up effective possession of the sawed-off shotgun, we feel the District Judge was justified in viewing the seizure as having been accomplished during the lawful search for the burglar. *Cf.* Chambers v. Maroney, 399 U. S. 42, 52, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970).

The judgment of the District Court is affirmed.