**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Smith ROARK, Defendant–Appellant.**
**No. 92–5210.**

United States Court of Appeals,
Sixth Circuit.

Argued July 2, 1994.
Decided Oct. 5, 1994.

---

James E. Arehart, Asst. U.S. Atty., Karen K. Caldwell, U.S. Atty., Mark A. Wohlander, Asst. U.S. Atty. (briefed), Lexington, KY, Jacquelyn A. Jess, Asst. U.S. Atty., Covington, KY (argued), for plaintiff-appellee.

Teresa G.C. Reed, Gullett, Combs & Branham, Hazard, KY (argued and briefed), for defendant-appellant.

Before: LIVELY, JONES, and MILBURN, Circuit Judges.

NATHANIEL R. JONES, Circuit Judge.

Defendant–Appellant Smith Roark appeals the district court's denial of his motion to suppress marijuana plants and firearms that were seized following a warrantless entry into his home. For the reasons stated herein, we reverse the district court's denial of Roark's motion to suppress, and remand the case to the district court for further proceedings in accordance with this decision.

## I.

On September 4, 1991, the Kentucky State police received an anonymous tip that marijuana was being "stripped" at Defendant–Appellant Roark's home in Bailey Hollow, Kentucky. Several officers, including Officers Jimmy Young and Ancil Hall, responded to the informant's tip. Upon arrival at the house they were met by Ronnie Roark, the Appellant's sister. Ms. Roark consented to a search of the residence.

While several officers searched the interior of the home, Officer Young searched the outside of the house, allegedly searching for a marijuana field. Young, who was accompanied by another officer, followed a "well-

worn" path behind the house to the top of a hill. Roughly 50 yards from the home, Young and the second officer came upon a second house with its door ajar. Young testified that upon entering the house he observed an oscillating fan, extremely bright lights illuminating marijuana that was growing in buckets, and Roark sleeping on a mattress while holding a "Mini 14" rifle. J.A. at 35–37.

After searching the premises, the police seized approximately 124 marijuana plants.[1] J.A. at 25. Roark was arrested, and completed a waiver of rights form. Roark then admitted that he had grown the marijuana.

A grand jury indicted Roark on four counts of narcotics and firearms offenses. Roark pled not guilty to all four counts on September 13, 1991. On October 16, 1991, Roark filed a motion to suppress "all items or tangible objects ceased [sic] by government agents from a search of the premises of the defendant on or about September 4, 1991, for reason that said search was conducted without a search warrant and without legal authority." J.A. at 10. The district court denied the motion to suppress on November 13, 1991.

On November 26, 1991, Roark pled guilty to counts one and four of the indictment. These counts charged Roark with knowingly and intentionally manufacturing approximately 124 marijuana plants, in violation of 21 U.S.C. § 841(a)(1) (1988); and with using and carrying a firearm during and in relation to the aforementioned offense, in violation of 18 U.S.C. § 924(c) (Supp. V 1993). However, Roark reserved the right to appeal the denial of his motion to suppress.

On February 3, 1992, Roark was sentenced to 63 months incarceration on Count one, and 60 months incarceration on Count four. The sentences were imposed consecutively. A five year term of supervised release was also imposed. This appeal followed.

## II.

■■■ When considering the district court's ruling on a motion to suppress, we

review the district court's factual findings for clear error. *United States v. Williams,* 962 F.2d 1218, 1221 (6th Cir.), *cert. denied,* — U.S. ——, 113 S.Ct. 264, 121 L.Ed.2d 194 (1992). However, the district court's conclusions of law are reviewed *de novo. Id.* "The reviewing court is to review the evidence in the light most likely to support the district court's decision." *Id.*

## III.

On appeal, Roark first argues that the district court erred in denying his motion to suppress because "a search of Smith Roark's house required a search warrant, but a warrant was not obtained." Roark Br. at 8. Ultimately, we find this assertion to have merit.

Initially, however, we find that Ronnie Roark had the authority to consent to a search of Smith Roark's house. Had she so consented, a search warrant would not have been necessary. In *United States v. Clutter,* 914 F.2d 775 (6th Cir.1990), *cert. denied,* 499 U.S. 947, 111 S.Ct. 1413, 113 L.Ed.2d 466 (1991), this court considered whether a warrant is required when an appropriately empowered individual gives consent to search. We found that "[a] search does not violate the Fourth Amendment where police obtain consent to search from one who possesses common authority over the premises." *Id.* at 777. *See also United States v. Matlock,* 415 U.S. 164, 171, 94 S.Ct. 988, 993, 39 L.Ed.2d 242 (1974) ("[W]hen the prosecution seeks to justify a warrantless search by proof of voluntary consent, it is not limited to proof that the consent was given by the defendant, but may show that permission to search was obtained from a third party who possessed common authority over or other sufficient relationship to the premises or effects sought to be inspected."). Common authority has been defined by the Supreme Court as:

> mutual use of the property by persons generally having joint access or control for most purposes, so that it is reasonable to recognize that any of the co-inhabitants

---

1. The police also discovered and seized six small explosive devices, four blasting caps, and wires running from a light switch to a breaker box that were presumably to be hooked up so that they would detonate upon the flipping of the light switch. J.A. at 27.

has the right to permit the inspection in his own right and that the others have assumed the risk that one of their number might permit the common area to be searched.

*Id.* at 171 n. 7, 94 S.Ct. at 993 n. 7.

Although Ronnie Roark testified that she would not enter the second home without first receiving an invitation from her brother, J.A. at 31, we find that the record, when viewed in the appropriate light, supports the district court's conclusion that Ronnie Roark, by way of her ownership or common control, had the authority to consent to the objectionable search.

■ The parties agree that Ronnie Roark owns the primary residence. Moreover, contrary to Appellant's assertion that he owns the second house, the record indicates that Smith was in the process of purchasing the house from his sister at the time of the challenged search. *See* J.A. at 30.[2] Thus, we conclude that Ronnie Roark, at the time of the search, still owned the house in which the marijuana was found, and thus, had the authority to consent to a search of that structure.

This conclusion, however, does not end the matter. Instead, we find that the district court erred in denying Appellant's motion to suppress because the officers in the instant case clearly exceeded the scope of the consent given by Ms. Roark.

■ A warrantless search or seizure is *"per se* unreasonable under the Fourth Amendment—subject only to a few specifically established and well-delineated exceptions." *Katz v. United States,* 389 U.S. 347, 357, 88 S.Ct. 507, 514, 19 L.Ed.2d 576 (1967). Consent is one such exception. In the instant case, however, Officer Hall testified that Ronnie Roark was asked if the officers could "check her *residence."* J.A. at 22 (emphasis added). Ronnie Roark consented to

this request. At no time, however, did she consent to the search of her premises, or to a search of the surrounding property. The police proceeded some fifty yards beyond Ronnie Roark's residence in conducting their warrantless search. Accordingly, we conclude that they exceeded the scope of Ms. Roark's consent.

### IV.

■ We similarly reject the government's contention that exigent circumstances justified the warrantless seizure of the marijuana from Roark's home. In *United States v. Estese,* 479 F.2d 1273, 1274 (6th Cir.1973), we permitted the warrantless search of a home where the police, upon arriving at the home after receiving a report of breaking and entering, found the door ajar with evidence that it had been pried open. The burden is on the government to demonstrate that similarly exigent circumstances exist in the instant case. *United States v. Sangineto–Miranda,* 859 F.2d 1501, 1511 (6th Cir.1988). We find that they have not met this burden.

The government contends that exigent circumstances existed because Officer Young feared that the plants would be removed or destroyed if he left to obtain a warrant before entering Roark's home. However, "[b]efore exigent circumstances are present ... the police must have a reasonable basis for believing there is someone in the house who would likely destroy the evidence." *Id.* at 1512 (citing *Vale v. Louisiana,* 399 U.S. 30, 34–35, 90 S.Ct. 1969, 1971–72, 26 L.Ed.2d 409 (1970)). In the instant case, the only evidence offered to support a finding of exigent circumstances was the unsubstantiated suspicions of Officer Young. We find this to be insufficient to justify a warrantless seizure.

■ Finally, we conclude that the challenged search and seizure are similarly ins-

2. Ronnie Roark testified as follows:
   Q. Is there an arrangement between yourself and Smith Roark as concerns the home in which he lives?
   A. Yeah, he was buying the property that it sit [sic] on. He built it hisself—the house, he built it hisself—and he was buying the property that—which we didn't have no contract

brought up or nothing—and he didn't finish paying for it. He paid $550 on the property, and he still owed—the rest of it, he was paying $1,000 for it, the property that it set [sic] on, which was just where the house was and the yard part.
   J.A. at 30–31.

upportable under the plain view doctrine. In *Horton v. California*, 496 U.S. 128, 110 S.Ct. 2301, 110 L.Ed.2d 112 (1990), the Supreme Court instructed that officers might properly seize evidence of crime without a warrant if that evidence is (1) in plain view; (2) of a character that is immediately incriminating; (3) viewed by an officer lawfully located in a place from where the object can be seen; and (4) seized by an officer who has a lawful right of access to the object itself. *Id.* at 136–37, 110 S.Ct. at 2307–08. In light of our earlier conclusions, we find the elements of this test have not been met.

As we have already determined, the officers lacked the authority to enter and search the house in which Smith Roark and the marijuana were found, because Ronnie Roark only consented to a search of the house in which she lived. The officers did not have a search warrant; nor has it been shown that there were exigent circumstances. Accordingly, the marijuana was not seized by an officer who had a lawful right of access. The seized marijuana was in plain view of the officers only as a direct result of their unjustified entrance into the second house.

## V.

Because we find that the officers' search exceeded the scope of the consent given, and because we find that no other exception to the warrant requirement applies, we reverse the district court's denial of Roark's motion to suppress, and remand this case to the district court for further proceedings in accordance with this decision.