**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**K.W., a Male Juvenile, Defendant–**
**Appellant.**

No. 99–5640.

United States Court of Appeals,
Sixth Circuit.

Aug. 9, 2001.

Before SUHRHEINRICH and SILER, Circuit Judges; HOOD, District Judge.*

K.W., a male juvenile, appeals a district court order transferring proceedings against him to adult criminal prosecution. The case has been referred to a panel of the court pursuant to Rule 34(j)(1). Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In a sealed information, K.W. was charged with two counts of knowingly interfering with interstate commerce by threats or violence in violation of 18 U.S.C. § 1951, one count of carrying a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c), and one count of stealing firearms which have moved in interstate commerce in violation of 18 U.S.C. § 924(*l*). The government moved to transfer the proceedings against K.W. to adult criminal prosecution. Following a hearing, the district court granted the motion, and K.W. filed this timely appeal from that decision. After the case was transferred, K.W. pleaded guilty to one count of interfering with commerce by threats or violence in violation of 18 U.S.C. § 1951, and the district court sentenced him to 120 months of imprisonment and two years of supervised release. K.W. did not file a separate appeal from his conviction and sentence. In the current appeal from the order transferring the case for adult prosecution, K.W.'s attorney has filed a motion to withdraw and a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), in which he argues that: 1) K.W. has not waived any challenge to the transfer of proceedings for adult prosecution; 2) the district court improperly determined that the case should be transferred for adult prosecution; and 3) K.W.'s rights to a speedy trial were violated. K.W. has not responded to his counsel's motion to withdraw.

■ Upon review, we conclude that K.W. has not waived his challenge to the district court's transfer of his case for adult prosecution. In his guilty plea to the § 1951 conviction, K.W. did agree that he would abandon any appeal challenging his transfer to adult prosecution. A knowing and voluntary waiver of the right to appeal contained in a plea agreement normally is valid and will preclude review of an issue on appeal. *United States v. Fleming*, 239 F.3d 761, 764–65 (6th Cir.2001); *United States v. Bazzi*, 94 F.3d 1025, 1028 (6th Cir.1996); *United States v. Allison*, 59 F.3d 43, 46 (6th Cir.1995). However, the transfer of K.W.'s case to adult prosecution under 18 U.S.C. § 5032 impacts the district court's subject matter jurisdiction, and the court's alleged lack of subject matter jurisdiction is a nonwaivable defect which may be raised by a party at any time. *United States v. Chambers*, 944 F.2d 1253, 1259–60 (6th Cir.1991), *superseded on other grounds, United States v. Avery*, 128 F.3d 966, 972 (6th Cir.1997).

■ K.W.'s argument that the district court improperly transferred his case to adult prosecution under § 5032 is without merit. An order transferring a juvenile to be tried as an adult is an immediately appealable collateral order, *United States v. One Juvenile Male*, 40 F.3d 841, 844 (6th Cir.1994), and this court reviews de novo the district court's legal conclusions and reviews for clear error its findings of fact. *United States v. Roark*, 36 F.3d 14, 16 (6th Cir.1994). Section 5032 provides that transfer of a juvenile for adult prose-

---

* The Honorable Joseph M. Hood, United States District Judge for the Eastern District of Kentucky, sitting by designation.

cution is mandatory if: 1) the offense charged was committed after the defendant's sixteenth birthday; 2) the offense charged would be a felony if committed by an adult; 3) the offense charged either involves the use, attempted use, or threatened use of violence, or by its very nature involves a substantial risk that violence may be used in committing the offense; and 4) the juvenile was previously found guilty of a crime that would be a felony of the type described above if committed by an adult. *Impounded (Juvenile R.G.),* 117 F.3d 730, 737 (3d Cir.1997); *United States v. David H.,* 29 F.3d 489, 490 (9th Cir. 1994).

The district court properly determined that K.W. met the requirements for mandatory transfer to adult prosecution under § 5032. It is undisputed that K.W. was over 16 years old at the time of the instant offense. He was charged with interfering with interstate commerce by threats or violence and with carrying a firearm during and in relation to a crime of violence, both of which would be adult felonies involving the use or threatened use of violence. Lastly, K.W. has prior juvenile convictions for attempted escape and aggravated burglary (burglary of a dwelling), both of which are considered crimes of violence. *See United States v. Champion,* 248 F.3d 502, 504 (6th Cir.2001) (burglary of a dwelling); *United States v. Wood,* 209 F.3d 847, 849–50 (6th Cir.) (burglary of a dwelling), *cert. denied,* 530 U.S. 1283, 120 S.Ct. 2761, 147 L.Ed.2d 1022 (2000); *United States v. Houston,* 187 F.3d 593, 594–95 (6th Cir.1999) (attempted escape), *cert. denied,* 528 U.S. 1094, 120 S.Ct. 832, 145 L.Ed.2d 700 (2000); *United States v. Wilson,* 168 F.3d 916, 927 (6th Cir.1999) (aggravated burglary); *United States v. Harris,* 165 F.3d 1062, 1068 (6th Cir.1999) (attempted escape).

K.W. also argues that his indictment should have been dismissed because his speedy trial rights were violated. Under 18 U.S.C. § 5036, a delinquent must be brought to trial within thirty days from the start of his detention or the information shall be dismissed, unless additional delay is in the interest of justice. In this case, the government filed its motion to transfer the case to adult prosecution prior to K.W.'s detention. The time between the government's motion to transfer and the court's disposition of that motion was tolled under the "interest of justice" exception to the thirty-day deadline. *United States v. A.R.,* 203 F.3d 955, 963–64 (6th Cir.2000). Consequently, the government did not violate § 5036.

Accordingly, this court grants counsel's motion to withdraw and affirms the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.