**UNITED STATES of America, Plaintiff–Appellee,**

v.

**John W. MILLER, Defendant–Appellant,**

No. 00–5743.

United States Court of Appeals, Sixth Circuit.

Oct. 10, 2001.

Before MOORE and NELSON, Circuit Judges; and KATZ, District Judge.*

PER CURIAM.

Defendant–Appellant John W. Miller appeals the district court's denial of his motion to suppress evidence seized pursuant to a search warrant that Miller claims was improperly executed due to the seizing officers' failure to follow the "knock and announce" rule. The district court found that the search warrant was properly executed, and we agree. We therefore affirm the district court.

* The Honorable David A. Katz, United States District Judge for the Northern District of Ohio, sitting by designation.

On October 22, 1999, a federal grand jury in the Western District of Tennessee returned an indictment charging Defendant–Appellant John W. Miller ("Miller") and his wife Marsha Miller with eight counts related to the alleged manufacture of methamphetamine.[1] On January 24, 1999, Miller filed a motion to suppress evidence obtained during a search of his home. The district court denied Miller's motion. On March 13, 2000, Miller entered a conditional plea of guilty to Count Four (Manufacture and/or Attempt to Manufacture Methamphetamine) and Count Six (Use or Possession of Firearms in Relation to a Drug Trafficking Crime) of the indictment, though he reserved the right to appeal the denial of his motion to suppress.

On May 23, 2000, the district court sentenced Miller to twenty-one months in custody for Count Four and sixty months in custody for Count Six, to run consecutively and be followed by three years of supervised release. Miller filed a timely appeal of the denial of his motion to suppress on May 30, 2000.

At the February 25, 2000, hearing on the motion to suppress, witnesses offered differing accounts of the events leading to the search of Miller's home. Officer Stacey Bostwick of the Weakley County Sheriff's Department testified that on August 23, 2000, he and Officer Clay Anderson of the Dyer Police Department obtained a warrant, based on information received from a confidential informant, for the search of Miller's home in Weakley County, Tennessee. The warrant was executed just after 12:00 a.m. on August 24, 2000, by Officer Bostwick, Officer Anderson, and three other officers. Officer Bostwick testified that four or five vehicles arrived at

the Miller residence, and, in accordance with police practice, one of the officers had activated his vehicle's blue lights. Officer Bostwick and two other officers went to the front door of Miller's small residence, while the other officers secured the perimeter. At the hearing, Officer Bostwick claimed that he knocked on the door and yelled, "Police officer. Search warrant." Officer Anderson testified that he yelled toward the Millers' bedroom, "Police with a search warrant. Demand entry." [2]

Officer Bostwick testified that he tried the door, which was locked, then waited one minute before forcing entry. Although Officer Bostwick claimed that he kicked the door to force entry, Officer Anderson was unaware of how entry was effected. Officer Bostwick discovered Miller and his wife standing in the doorway of their master bedroom. Two others, the Millers' son Jason Miller, and Clifford Inghram, a friend of the Miller family, were also present in the house. Inghram and the Millers were arrested, and the home searched. As a result of the search, the officers discovered nine (9) grams of methamphetamine, four firearms, and equipment suitable for the manufacture of methamphetamine.

Miller testified at the hearing. He claimed that he did not hear the police shouting before they entered his home, and that he was awakened by a flashlight and a pistol. Miller testified that his door was not locked and was undamaged after the forced entry.

Jason Miller also testified at the hearing. He testified that he was awakened by Officer Anderson after the officers entered the dwelling. Miller also stated that his

---

1. Also named in the Miller indictment was Joe G. Rawls.

2. Officer Anderson had knowledge of the location of the bedroom due to his participation in the execution of a prior search warrant.

dog did not bark before Officer Anderson entered his room.[3] He claimed that he did not hear the officers shouting outside the house, that he did not hear the door being kicked in, and that he was not aware of any damage to the door as a result of the entry. Clifford Inghram, the family friend, testified that he did not hear any knocking, shouting, or pounding, and that he was awakened by a sheriff's deputy with a machine gun.

Following presentation of the evidence, the district judge denied Miller's motion.[4] The district judge made the following ruling with respect to the motion to suppress for failure to comply with the knock-and-announce rule:

> I further find that there's no basis to suppress evidence on the basis that the knock-and-announce rule was violated. I have the testimony of the officers that they knocked; they yelled; they announced. I have the testimony of young Mr. Miller, whom I believe, who said he heard them saying that. Now, he didn't hear them outside, but he heard them screaming as they came inside.

> The reason I credit the testimony of the officers that they knocked and announced is that all the witnesses in the house said they were asleep; and if there were a knock and announce, perhaps they didn't hear it. Perhaps they did and didn't want to hear it. Perhaps they heard it and have not testified truthfully. But in any event, I credit the testimony of the officers that they knocked and announced. I cannot imagine a group of officers serving a search warrant in a drug case quietly opening

the door and tippy-toeing down the hall. That's not the way they do them. They make a lot of noise, for intimidation and other reasons. So the knock-and-announce rule was not violated.

(Apx. at 307–08).

## II.

With respect to a motion to suppress, we review factual findings for clear error and conclusions of law *de novo*. *See United States v. Stotts*, 176 F.3d 880, 884 (6th Cir.1999) (citing *United States v. Jones*, 159 F.3d 969, 973 (6th Cir.1998)). Evidence must be reviewed "in the light most likely to support the district court's decision." *United States v. Roark*, 36 F.3d 14, 16 (6th Cir.1994) (quoting *United States v. Williams*, 962 F.2d 1218 (6th Cir.1992)).

## III.

The requirement that a law enforcement officer knock and announce his authority prior to entering a dwelling to execute a search warrant is well-established. *See Miller v. United States*, 357 U.S. 301, 313, 78 S.Ct. 1190, 1198, 2 L.Ed.2d 1332 (1958) (stating that the knock-and-announce rule "is deeply rooted in our heritage and should not be given grudging application.").[5] The knock-and-announce rule "forms a part of the reasonableness inquiry under the Fourth Amendment." *Wilson v. Arkansas*, 514 U.S. 927, 929, 115 S.Ct. 1914, 1915, 131 L.Ed.2d 976 (1995). This circuit has emphasized that it is "crucial" that occupants be given some opportunity to respond to the officers' de-

---

**3.** Officer Bostwick did not recall that a dog was present during the search. Officer Anderson did recall seeing the dog.

**4.** In addition to the knock and announce argument before the Court, Miller made a number of other arguments not raised on appeal.

**5.** Since the procurement and execution of the warrant was performed exclusively by state and local officers, we need not consider the codification of the knock-and-announce rule in 18 U.S.C. § 3109.

mand for entry. *See United States v. Dice*, 200 F.3d 978, 984 (6th Cir.2000) (citing *United States v. Finch*, 998 F.2d 349, 354 (6th Cir.1993)). Failure to knock and announce prior to entry, absent exigent circumstances, is unreasonable under the Fourth Amendment. *See Dice*, 200 F.3d at 982. Determination of compliance with the knock-and-announce rule requires analysis of facts and circumstances on a case-by-case basis. *See Richards v. Wisconsin*, 520 U.S. 385, 394, 117 S.Ct. 1416, 1421, 137 L.Ed.2d 615 (1997).

■ Miller claims that the district court erred with respect to fact and law. First, he contends that the evidence presented at the suppression hearing demonstrates that the officers involved in the execution of the warrant "more likely than not" did not knock and announce their presence. This argument is supported by testimony from the occupants of the Miller's house, who stated that they did not hear any knock or announcement prior to the officers' entry. It is also supported by other evidence, including the failure of Jason Miller's dog to bark as would have been expected, or the allegedly undamaged condition of the door despite what the officers claimed was a forced entry.

The testimony offered by Miller was clearly contradicted multiple times by the testimony of the officers involved in the warrant's execution, who stated that they both knocked and announced their presence and requested entry. When presented with such contradictory testimony, the district court is charged with the duty to weigh the evidence and make a credibility determination. The district court found the officers credible, and we find no reason in the record that this determination and the resulting conclusion that the officers did knock and announce should be rejected as clearly erroneous.

■ In the alternative to his argument that the officers did not knock and announce, Miller contends that the officers failed to wait a sufficient amount of time between announcement and entry. Officer Bostwick, who was found credible by the district court, testified that the officers waited "approximately a minute" between announcing their presence and forcing entry. (Apx. at 83). Officer Anderson did not specifically state how much time elapsed, but he testified that the officers pounded the door for a "few seconds, maybe ten seconds," before listening for a response and eventually forcing entry. (Apx. at 100).

■ There is substantial precedent, both in this circuit and others, for the proposition that a wait of no more than fifteen seconds between announcement and entry may be sufficient when a drug search warrant is executed. *See United States v. Spikes*, 158 F.3d 913, 925–27 (6th Cir.1998), *cert. denied*, 525 U.S. 1086, 119 S.Ct. 836, 142 L.Ed.2d 692 (1999) (holding fifteen to thirty seconds sufficient); *United States v. Gatewood*, 60 F.3d 248, 250 (6th Cir.1995), *cert. denied*, 516 U.S. 1001, 116 S.Ct. 546, 133 L.Ed.2d 448 (1995) (ten seconds sufficient); *see also United States v. Jones*, 133 F.3d 358, 362 (5th Cir.1998), *cert. denied* 523 U.S. 1144, 118 S.Ct. 1854, 140 L.Ed.2d 1102 (1998) (fifteen to twenty seconds sufficient); *United States v. Knapp*, 1 F.3d 1026, 1030–31 (10th Cir. 1993) (ten to twelve seconds sufficient); *United States v. Spriggs*, 996 F.2d 320, 322–23 (D.C.Cir.1993), *cert. denied*, 510 U.S. 938, 114 S.Ct. 359, 126 L.Ed.2d 323 (1993) (fifteen seconds sufficient). This precedent is tempered by our past acknowledgment that the knock-and-announce rule is not a "constitutional stopwatch." *Spikes*, 158 F.3d at 926. The fact-specific inquiry needed to determine the reasonableness of the interim between

announcement and entry mandates consideration of a number of factors, including the object of the search, possible defensive measures taken by residents of the dwelling to be searched, time of day, and method of announcement. *See id.* at 926–27.

In the instant case, the most important factors appear to be the time of day and method of announcement.[6] We have recognized that where, as here, a warrant is executed when the occupants of a dwelling are likely to be asleep, officers might be compelled to wait longer for a response than they might be compelled to wait if the warrant were executed during the day or face-to-face. *See id.* at 927. This consideration is balanced by Officer Anderson's testimony that the officers not only announced their presence by repeatedly pounding on the front door of the residence and by activating their blue police lights, but also by directing announcement toward Miller's bedroom.

Given the testimony of the officers found credible by the district court, we are convinced that the time which elapsed between announcement and entry was sufficiently reasonable under the circumstances to satisfy the reasonableness requirement of the Fourth Amendment.

## IV.

For the foregoing reasons, we AFFIRM the district court's denial of Miller's motion to suppress.

---

6. There is no indication in the record that the officers anticipated that any defensive measures had been taken by Miller or others in his residence. There is also no testimony concerning the officers' belief as to the ease with which the object of their search might have been disposed of.