{¶ 30} I respectfully dissent.
{¶ 31} "Warrantless entry into a home is considered presumptively unreasonable. Payton v. New York (1980), 445 U.S. 573, 586. Even when probable cause exists, exigent circumstances must also exist in order to support an entry without a warrant. Id. at 586. ***
{¶ 32} "However, an `emergency situation' has been recognized as an exigent circumstance justifying a warrantless search. Mincey v.Arizona (1978), 437 U.S. 385, 392-393. The need to protect or preserve life or avoid serious injury is justification for what would otherwise be illegal, absent an exigency or emergency situation. Id." State v. Canty
(Aug. 22, 1990), 9th Dist. No. 90CA004775.
{¶ 33} In upholding the warrantless entry into the home based on the police officers' belief that a burglary was in progress in Canty, this Court further stated:
{¶ 34} "The protection of residents potentially inside the home was sufficient to justify the entry. See, e.g., United States v. Estese
(C.A. 6, 1973), 479 F.2d 1273; United States v. Singer (C.A. 8, 1982),687 F.2d 1135; State v. Durbin (July 11, 1988), Butler App. No. 87-12-167, unreported. The appellant's argument that the residence could have been secured and guarded while a warrant was obtained is not persuasive. The officers had reason to believe the house had been unlawfully entered prior to their arrival. Any number of crimes, possibly violent, could be occurring after the illegal entry. The situation was of an emergency nature, and therefore, the officer's entry was justified."Canty, supra.
{¶ 35} In the instant case, the police officers testified that they were on routine patrol at around 10:30 p.m. They were patrolling the area of 1030 Kenmore Boulevard. This was a commercial district with vacant storefronts. As the officers were driving down the street, they observed a person dart across an open doorway in a vacant building. The officers approached the building to investigate and observed a man inside the building who appeared to be trying to conceal himself. The officers drew their weapons and started banging on the door yelling for whomever was in the building to "open the door." Finally, appellant opened the door just far enough for him to come through, turned around, immediately slammed the key in the lock and locked the door. The officers then asked appellant if this was his business and he replied that it was not his business that he was only doing work there. After the officers told him that they would have to contact the owner of the business, he changed his story and said that he, in fact, did own the business. Then, when asked to present identification, appellant had a difficult time finding his identification and had a woman's identification in his wallet. The officers testified they still believed someone else was in the building because appellant was an older gentleman and moved slowly, whereas the figure they saw earlier in the building moved very quickly.
{¶ 36} Based on these facts, the trial court made a finding of fact that the police officers thought a burglary was in progress. There was competent, credible evidence to support this finding. As such, exigent circumstances existed to enter the building. I would affirm.