OPINION
{¶ 1} Appellant Michael Mosiychuk appeals his conviction on one count of trafficking in marijuana and possession of cocaine in the Stark County Common Pleas Court and the trial court's denial of his motion to suppress.
 {¶ 2} Appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 3} At approximately 3:38 a.m. on August 28, 2003, the Canton Police Department received a 911 call from the residence at 724 34th Street, N.W., Canton. The caller, however, hung up before saying anything. The dispatcher called back twice, with the caller answering on the second call back. The caller informed the 911 dispatcher that gunshots had been fired and that the caller's brother was being "jumped". The name Tyler Lilly was also mentioned. This information was relayed to patrol officers in the area who responded to the location, which was a side-by-side duplex.
 {¶ 4} One of the responding officers recognized the name Tyler Lilly as the name of a known trafficker in marijuana from when he worked with the Vice Unit.
 {¶ 5} Upon arriving at the scene, officers secured both the front and back entrances of the duplex. An elderly woman who resided on one side of the duplex informed the officers that the Teresa Mosiychuk and her two sons lived next door. The officers proceeded to knock on both the front door and the rear sliding door, ring the doorbell and shout to anyone inside. No one answered and the apartment appeared dark.
 {¶ 6} Upon trying the front door, the officers found same to be unlocked. The officers entered the premises and located Teresa Mosiychuk, the owner of the residence, in the bedroom, on the bed with one of her sons, apparently asleep. Both were awakened, handcuffed and secured in the bedroom. (T. at 9, 23, 24).
 {¶ 7} Officers next went to the basement steps and shouted down into the basement for anyone down there to come upstairs. Receiving no reply, the officers next shouted down that they would be sending a dog downstairs if no one came up. Several minutes later, four people came upstairs, including Appellant and Tyler Lilly. The four people were then handcuffed and taken outside. (T. at 10-11, 24, 26).
 {¶ 8} The officers then proceeded downstairs to secure the area and verify that no one else was present. While securing same, the officers noticed a strong odor of marijuana. (T. at 11, 27).
 {¶ 9} The officers obtained the consent of the owner of the premises, Teresa Mosiychuk, to search the entire residence, including the basement. She signed a standard consent form. The officers then proceeded to search the basement which contained an uncarpeted living area, with a couch, coffee table, television, refrigerator and a bathroom. (T. at 11-12, 17, 27, 32).
 {¶ 10} Upon searching the basement, the officers found a bag of marijuana in a freezer, a suitcase full of individually wrapped bags of marijuana, two "8-ball" bags of cocaine and a set of digital scales, all of which was seized. (T. at 12, 35).
 {¶ 11} The officers then began to conduct individual interviews with those people who had been in the basement. Those questioned were informed of their rights. After hearing a statement made by one of the officers that they should charge everyone with possession and let the court sort things out, Appellant volunteered that the drugs belonged to him. The group was then transported to the police station for more formal questioning. (T. at 13-14, 16-18, 33).
 {¶ 12} Appellant was interviewed at the police station where he provided a written statement. He refused to provide a taped statement. (T. at 14-15).
 {¶ 13} On October 17, 2003, the Stark County Grand Jury indicted appellant, Michael Mosiychuk, on one count trafficking in marijuana, one count of possession of cocaine and one count of having weapons under disability.
 {¶ 14} On November 10, 2003, Appellant filed a Motion to Suppress drugs found in his apartments and his statement made to police following his arrest.
 {¶ 15} On November 12, 2003, the trial court held a suppression hearing. At the hearing, Appellant's mother testified that she owned the duplex but claimed that the basement was Appellant's separate living area for which he paid her $350 cash per month. She further testified that the officers searched and found the marijuana before obtaining her consent. She testified that the police threatened her by telling her that if she did not sign the consent form, they would go and get a search warrant. She stated that she felt she had no choice but to sign the consent form. (T. a t 42-45, 47-48, 50, 53, 64-65). She also testified that her youngest placed the 911 call and reported that gunshots had been fired. (T. at 52, 62-63).
 {¶ 16} At the conclusion of the hearing the court ruled that Appellant's mother had the authority to consent to the search of Appellant's living space. The trial court overruled Appellant's motion to suppress.
 {¶ 17} Appellant entered a plea of guilty to the charge of having weapons under disability.
 {¶ 18} The case proceeded to a jury trial on the charges of trafficking in marijuana and possession of cocaine. At the conclusion of the trial, the jury found him guilty as charged in the indictment.
 {¶ 19} By Judgment Entry filed November 19, 2003, the trial court sentenced appellant to a term of eight (8) years on the charge of trafficking in marijuana, seventeen (17) months on the charge of possession of cocaine, to run concurrently with the trafficking charge; and eleven (11) months on the charge of having weapons under disability, to run consecutive to the sentences on the drug charges.
 {¶ 20} Appellant filed an appeal and this matter is now before this court for consideration. Appellant's assignments of error are as follows:
 ASSIGNMENTS OF ERROR {¶ 21} "I. The trial court erred in overruling appellant's motion to suppress because the police did not have a warrant to search the residence, and the consent to search form was not signed until the search had been completed.
 {¶ 22} "II. The trial court erred in overruling appellant's motion to suppress because his mother did not have the authority to consent to a search because she did have common authority over his apartment, and the police could not have reasonably believed she did."
 MOTION TO SUPPRESS {¶ 23} In both assignments of error, Appellant claims the trial court erred in denying his motion to suppress.
 {¶ 24} There are three methods of challenging on appeal a trial court's ruling on a motion to suppress. First, an appellant may challenge the trial court's findings of fact. In reviewing a challenge of this nature, an appellate court must determine whether said findings of fact are against the manifest weight of the evidence. See: State v. Fanning (1982), 1 Ohio St.3d 19;State v. Klein (1991), 73 Ohio App.3d 486, State v. Guysinger
(1993), 86 Ohio App.3d 592. Second, an appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact. In that case, an appellate court can reverse the trial court for committing an error of law. See:State v. Williams (1993), 86 Ohio App.3d 37. Finally, assuming the trial court's findings of fact are not against the manifest weight of the evidence and it has properly identified the law to be applied, an appellant may argue the trial court has incorrectly decided the ultimate or final issue raised in the motion to suppress. When reviewing this type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in any given case. State v. Curry
(1994), 95 Ohio App.3d 93, 96, State v. Claytor (1993),85 Ohio App.3d 623, 627, 620 N.E.2d 906, 908, and State v. Guysinger
(1993), 86 Ohio App.3d 592, 594.
 {¶ 25} It should be noted that appellant is only challenging the trial court's ruling on the motion to suppress as it pertains to the consent to search the premises and the seizure of the drug evidence, not the statements her made to the police or the seizure of weapons leading to his weapons while under disability charges.
 I. {¶ 26} In his first assignment of error, Appellant claims that the trial court erred in finding that the police had consent to search the premises. We disagree.
 {¶ 27} Appellant specifically argues that the trial court should have found that the police did not obtain the consent to search until after the search was completed.
 {¶ 28} In this case, Appellant is challenging the trial court's findings of fact as to the consent to search. We must therefore determine whether said findings of fact are against the manifest weight of the evidence.
 {¶ 29} On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses and determine whether in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. State v. Martin (1983), 20 Ohio App.3d 172,175. See also, State v. Thompkins (1997), 78 Ohio St.3d 380,1997-Ohio-52. The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." Martin at 175.
 {¶ 30} Because the trier of fact is in a better position to observe the witnesses' demeanor and weigh their credibility, the weight of the evidence and the credibility of the witnesses are primarily for the trier of fact. State v. DeHass (1967),10 Ohio St.2d 230, syllabus 1.
 {¶ 31} In addition to the testimony of Appellant's mother, the trial court also heard testimony from Officer Shaffer concerning the consent to search and the timing thereof. Upon review, we find that Officer's Shaffer's testimony supports the trial court's finding that the police secured Ms. Mosiychuk's consent prior to conducting the search of the basement.
 {¶ 32} Appellant's argument implores this Court to substitute our judgment as to the credibility of the witnesses and testimony for the judgment of the trial court, which we will not do. In the case sub judice, the trier of fact was free to accept or reject any or all of the witnesses' testimony and assess the witnesses' credibility. Upon review, we find there was sufficient, competent evidence to support the trial court's finding, and that same was not against the manifest weight of the evidence.
 {¶ 33} Appellant's first assignment of error is denied.
 II. {¶ 34} In his second assignment of error, Appellant argues that the trial court erred in finding that his mother had authority to consent to the search. We disagree.
 {¶ 35} Appellant argues that the basement area was his separate living area to which his mother did not have access and that his mother therefore did not have authority to consent to a search of same. Appellant argues that because the warrantless search was conducted pursuant to an unauthorized consent, the resulting evidence should be suppressed.
 {¶ 36} The prohibition on warrantless searches does not apply when a person with common authority over the premises consents to the search. Illinois v. Rodriguez (1990), 497 U.S. 177, 181,110 S.Ct. 2793, 2797, 111 L.Ed.2d 148, 156.
 {¶ 37} Police may conduct a search without a warrant so long as a third party who possesses common authority over the property voluntarily consents to the search. United States v. Matlock
(1974), 415 U.S. 164, 171, 94 S.Ct. 988, 39 L.Ed.2d 242, 250. "Common authority" exists when two or more persons have joint access or control over the property, each has the right to consent to permit inspection, and each has assumed the risk that any one of them might so consent. Id. at 172,39 L.Ed.2d at 250, fn. 7.
 {¶ 38} Appellant argues that the police searched areas over which he had exclusive control. State v. Dennis (1997),79 Ohio St.3d 421, 426, 683 N.E.2d 1096, 1102. Defendant bears burden of establishing his legitimate expectation of privacy in the area searched. Id.
 {¶ 39} The trial court found that "there was no evidence . . . concerning any exclusivity" to the basement area. The trial court further found that Appellant's mother was the person making the rent payments for the duplex, which included the basement. Additionally, the trial court found that Appellant's mother did have access to the basement. The trial court was free to reject the testimony that Appellant was in fact paying his mother rent, in cash, as no receipts were provided.
 {¶ 40} As stated previously, the trier of fact is in a better position to observe the witnesses' demeanor and weigh their credibility, the weight of the evidence and the credibility of the witnesses are primarily for the trier of fact. DeHass,
supra.
 {¶ 41} Even assuming that Appellant's mother did not have the authority to consent to the search, the United States Supreme Court, in Rodriguez, supra, also held that a warrantless search based on consent by a third party who does not have common authority is valid if, at the time of the search, the police had evidence to support a reasonable belief that the third party had common authority. Id.
 {¶ 42} In the case sub judice, the police had ample reason to believe that Appellant's mother, being the owner of the premises, had authority to consent to a search of the home. See Id. at 183-186, 110 S.Ct. at 2798-2800, 111 L.Ed.2d at 157-160. The search was therefore valid.
 {¶ 43} Appellant's second assignment of error is denied.
 {¶ 44} The judgment of the Court of Common Pleas of Stark County, Ohio is hereby affirmed.
Boggins, J., Gwin, P.J. and Wise, J. concur.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Stark County, Ohio is affirmed. Costs to appellant.