DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal of a finding of guilt on a no contest plea in the Fulton County Court of Common Pleas for illegal cultivation of marijuana. Because we conclude that the trial court properly denied appellant's motion to suppress, we affirm.
 {¶ 2} Margaret Ricica owns the small Fulton County farm she worked with her husband since 1940. Her husband was disabled for some years before he died in 1992. Just prior to his death, Mr. Ricica arranged with his son, appellant Larry Lee Ricica, to take over the farm. Appellant paid his father, and later his mother, $3,500 per year on an oral lease of the land.
 {¶ 3} In 1999, Margaret Ricica found it difficult to live by herself on the old farm and moved in with her daughter and son-in-law, Fran and Tom Silveous, who lived nearby. After Margaret Ricica moved in with them, the Silveouses cared for the grounds of the old Ricica farmhouse, which remained vacant. On November 17, 2003, Tom and Fran Silveous were working at the Ricica property when they observed that an exterior door to the hayloft of the barn was open. Curious, the couple entered the barn. Tom Silveous moved some boards which blocked the ladder to the hayloft and climbed to the second floor. There he found a tarp under which was stored a large quantity of a green leafy substance that Silveous believed to be marijuana. Tom Silveous collected a sample of this substance.
 {¶ 4} The Silveouses returned home with the sample and called the Fulton County Sheriff's Department. A deputy responded and, after examining the sample Tom Silveous has obtained, concurred that he believed the substance was marijuana. Advised that Margaret Ricica owned the barn in which the possible contraband was found, the deputy obtained her consent to search the property. When they conducted their search, deputies discovered a large quantity of marijuana in the barn.
 {¶ 5} Three days later, Tom and Fran Silveous returned to the farm and on their own searched several other structures. They found marijuana in a freezer, stuffed in a corn picker, and elsewhere, including the bed of appellant's pickup truck. By the time the Silveouses were finished, they had unearthed nearly 600 pounds of marijuana.
 {¶ 6} On November 20, 2003, a Fulton County Grand Jury handed down a three-count indictment against appellant, charging him with cultivating, possession and trafficking in marijuana, each second degree felonies. Each count contained a forfeiture specification, alleging that appellant's 1993 GMC pickup truck was used to facilitate the crime.
 {¶ 7} Appellant pled not guilty to all charges and moved to suppress the marijuana found on his mother's farm. When the trial court denied the suppression motion, pursuant to a plea agreement, appellant amended his plea to no contest to a single count of marijuana cultivation. The court accepted the plea, found appellant guilty and imposed a mandatory eight-year sentence. The court also ordered appellant's pickup truck forfeited.
 {¶ 8} From this judgment, appellant now brings this appeal, setting forth the following single assignment of error:
 {¶ 9} "It constituted error for the trial court to deny appellant's motion to suppress."
 {¶ 10} Under the Fourth Amendment to the Constitution of the United States and Section 14, Article I of the Constitution of Ohio, individuals are entitled to be secure in their persons and effects against unreasonable searches and seizures. Warrantless searches are per se unreasonable. State v. Kessler (1978),53 Ohio St.2d 204, 207. To this rule, there are but a few specifically established exceptions. It is the burden of the state to prove that one of these exceptions apply. Id. If the state fails to meet its burden, evidence obtained as the result of the warrantless intrusion may not be used in evidence. Mappv. Ohio (1961), 367 U.S. 643, 654-655.
 {¶ 11} The proscription against a warrantless search only applies to searches conducted by the state. Private individuals who are not acting for or in league with the state are not similarly restricted. United States v. Jacobson (1984),466 U.S. 109, 113. Consequently, in this matter, it is the conduct of the sheriff's deputies on the property that is the focus of our attention.
 {¶ 12} One of the exceptions to the requirement for a search warrant is when police obtain the voluntary consent to search from one who owns or possesses the property to be searched or one who is a cotenant, possessing common authority over the property.United States v. Matlock (1974), 415 U.S. 164, 170-171. It is the state's burden to show common authority. Illinois v.Rodriguez (1990), 497 U.S. 177, 181.
 {¶ 13} In this matter, the court found that appellant's mother owned the farm, the buildings and the farm equipment stored on the premises, having inherited from her late husband. Only two of the buildings had locks. Appellant, his mother, his sister and his brother-in-law all had access to the keys for these structures. Appellant's sister and brother-in-law had full access to the buildings and, even though she had not visited there in a number of years, appellant's mother kept property inside the structures. Her daughter and son-in-law used things stored in these buildings to maintain the property at her direction. All these findings are supported by the record.
 {¶ 14} On these findings, the trial court concluded that Margaret Ricica had a right of "joint occupancy" of the barn which was the object of the initial search and the other structures where later was found additional quantities of marijuana. Such joint occupancy, the trial court ruled, was sufficient common possessory interest in the property to consent to the searches of the property.
 {¶ 15} It is not unusual for familial relationships to give rise to the type of cotenancy or common possessory interest that permits a third party search consent. See United States v.Roark (6 CA 1994), 36 F.3d 14, 17 (sister had authority to consent because she owned brother's house); State v.Brentlinger, 3d Dist. No. 13-04-10, 2004-Ohio-4529, at ¶ 21 (sister consented to search of brother's unlocked room in her house); State v. Esparza (Feb. 1, 1990), 3d Dist. No. 4-88-6 (wife had common authority over husband's dresser); State v.Mosiychuk, 5th Dist. No. 2003-CA-00425, 2004-Ohio-6968, at ¶ 42 (mother consented to search of adult son's basement area). In this matter, it was unrefuted that appellant, his mother, his sister and his brother-in-law entered any of the buildings on the mother's property at will. Each used the buildings to store things. This is sufficient common authority to conclude that each possessed the right to consent to a police entry or search of the buildings at issue. Consequently, the trial court did not error in denying appellant's motion to suppress and appellant's sole assignment of error is not well-taken.
 {¶ 16} On consideration whereof, the judgment of the Fulton County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Fulton County.[1]
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
M. Handwork, J., Pietrykowski, J., Singer, P.J., concur.
[1] In this matter, the state has moved to strike appellant's reply brief. The state's motion is not well-taken and is hereby denied.